■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JOHNSON, Appellant.—Judgment of the Supreme Court, Bronx County (Richard L. Price, J.), rendered January 22, 1988, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him as a second felony offender to an indeterminate term of 7½ to 15 years, unanimously affirmed.

Defendant contends that, pursuant to article I, § 6 of the NY Constitution, evidence of out-of-court identification of defendant's clothing (hat and jacket) should have been suppressed as unnecessarily suggestive in violation of his due process rights. Defendant also contends that testimony given by Gloria Salinas and Caesar Santaella, who pursued defendant after the robbery, that they had made a prior identifica-

tion of the clothing, constitutes prejudicial and improper bolstering which deprived him of a fair trial.

Defendant concedes that his clothing is not suppressible pursuant to CPL 60.25 or 60.30 and that it was not part of a corporeal identification so as to come within the ambit of *United States v Wade* (388 US 218), having been removed from his person prior to its identification by the witnesses. He offers no authority for his assertion that the protection of the New York Constitution extends to the identification of physical items and not simply to persons. The identity of the clothing is not an element of the crime charged and bears only circumstantially on the identification of defendant *(cf., People v Adams,* 53 NY2d 241, 250-252).

Any reference to a prior identification of the clothing during testimony adduced at the trial is rendered harmless error by the overwhelming evidence of defendant's guilt. He admitted to stealing money from a box in a store used as an illegal numbers parlor and to being chased by a Hispanic man and two policemen. The victim, Gloria Salinas, followed defendant out into the street, pointing him out to Caesar Santaella who gave chase. Two police officers in a passing patrol car heard Gloria Salinas screaming that she had been robbed and observed Santaella chasing defendant. They questioned Santella who pointed out defendant as the perpetrator. During this time, the police never lost sight of defendant and apprehended him after a brief chase, still wearing the jacket and hat in question. The witnesses identified the clothing as that worn by defendant at the time of the robbery.

Defendant's other contentions have been examined and found to be without merit. Concur—Kupferman, J. P., Ross, Asch, Smith and Rubin, JJ.