■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINNIE GOODWIN, Appellant. [618 NYS2d 633] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered February 6, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and assault in the second degree, and sentencing him to concurrent terms of 4 to 12 years, 2⅓ to 7 years and 2⅓ to 7 years, respectively, unanimously affirmed.

Contrary to defendant's contention, he was not deprived of his right to a speedy trial. The People were required to announce their readiness for trial within 181 days of the filing of the felony complaint on November 26, 1989 (People v Sinistaj, 67 NY2d 236, 239). The 7 day period from April 16 to April 23, 1990, and the 124 day period between October 24, 1990 and February 25, 1991, were both excludable since the record reveals that defense counsel consented to the adjournments and actively participated in setting the adjourned dates (People v Smith, 82 NY2d 676, 678). As to post-readiness delay, only 3 days of the 10 day period from April 15, 1991 through

April 25, 1991, are chargeable to the People since, although the prosecutor was otherwise ready, she expressly requested a 3 day adjournment in order to present an unrelated matter to a Grand Jury *(see, People v Cortes,* 80 NY2d 201, 210).

Evidence of an out-of-court identification of defendant's clothing was neither unduly suggestive nor subject to the due process protection afforded by the State or Federal Constitutions *(People v Johnson,* 155 AD2d 236, 237, *lv denied* 75 NY2d 814; *Johnson v Ross,* 955 F2d 178, 181 [2d Cir 1992]). While the reference to the complainant's prior identification of defendant's clothing constituted bolstering, any error in its admission was rendered harmless in light of the overwhelming evidence of defendant's guilt *(People v Johnson,* 155 AD2d 236, 237, *lv denied* 75 NY2d 814, *supra).* The shooting was witnessed by a photographer while standing only a few feet away from defendant, and another witness saw defendant fleeing with what appeared to be a gun. In addition, defendant's fingerprint was on a gun which was recovered from an area where defendant was observed shortly after the incident, and spent shells from the crime scene matched the gun. Furthermore, various witnesses identified the distinctive clothing worn by the gunman as that worn by defendant.

Finally, the trial court made sufficient inquiry prior to discharging the juror who had feigned illness when he called in sick that morning *(People v Cofield,* 197 AD2d 451, 452, *lv denied* 82 NY2d 892). Concur—Rosenberger, J. P., Kupferman, Asch and Tom, JJ.