■ The People of the State of New York, Appellant, v William Rivera, Respondent. The People of the State of New York, Appellant, v Nelson Santiago, Respondent. [639 NYS2d 39]

Defendants were arraigned on October 23, 1991, on charges of burglary in the second degree and criminal possession of stolen property in the fifth degree, *inter alia*. The People were required to be ready for trial within six months thereafter (CPL 30.30 [1]), which in this case meant 183 days. The criminal part dismissed the indictments after finding the People responsible for delay of 212 days with respect to defendant Rivera, and 211 days with respect to defendant Santiago.

At one point in the proceedings, in late July 1992, the People requested a one-week adjournment because the assigned Assistant District Attorney was trying another case. Because this was summer vacation time, the court adjourned the case to the second week in September—a total of 43 days. If a party, prior to stating its readiness for trial, requests adjournment and gets more than it asked for, it must bear the burden of the additional delay (*People ex rel. Sykes v Mitchell*, 184 AD2d 466, 468), unless the record reveals the adversary's specific consent to the additional delay (*see, People v Goodwin*, 209 AD2d 228, *lv denied* 85 NY2d 862; *cf., People v Liotta*, 79 NY2d 841). Here, counsel representing both defendants specifically acknowledged on the record that the additional delay, after the week requested by the People, was "on consent". Accordingly, the criminal part erred in charging the additional 36 days to the People.

By contrast, an additional delay of 7 days in early 1993, after failure to produce the defendants in court, was correctly chargeable to the People, despite one defense counsel's innocuous response of "Very well, Judge, that [adjourned date] is a ten o'clock call[?]".

The criminal part also erred, however, in excluding an entire 22-day adjournment in October 1992. The People had asked for a 3-week adjournment, and during that interim each defendant filed a motion for release on bail. In ascribing this delay, the court ignored the People's concession that they were responsible for the 8 days preceding the filing of Rivera's motion, and the 13 days preceding Santiago's motion.

We have considered the other time periods in dispute and find them to have been correctly apportioned. The net effect of our ruling is that the delay of 184 days in bringing defendant Rivera to trial, and 188 days in bringing defendant Santiago to trial, warrant affirmance of the dismissal of these indictments. Concur—Sullivan, J. P., Wallach, Rubin and Tom, JJ.