Dexter JOSEPH, Petitioner,

v.

Michael MCGINNIS, Superintendent, Southport Correctional Facility, Respondent.

No. 97CIV2969 (RMBO) (MHD).

United States District Court, S.D. New York.

Aug. 9, 1999.

Steven A. Feldman, Feldman & Feldman, Hauppauge, NY, for Petitioner.

Marc Frazier Scholl, New York County District Atty's Office, New York City, for Respondent.

### DECISION AND ORDER

BERMAN, District Judge.

### I. *Background*

On April 23, 1997, Dexter Joseph filed a petition for a writ of habeas corpus in United States District Court, Southern District of New York, challenging his 1991 conviction in New York State Supreme Court, New York County, for murder in the second degree (New York Penal Law § 125.25[1], [2]), attempted murder in the

second degree (New York Penal Law §§ 110.00, 125.25[1]), assault in the second degree (New York Penal Law § 120.05 [2]), and criminal possession of a weapon (New York Penal Law § 265.02 [4]). Petitioner asserts that the admission at trial of certain evidence deprived him of his due process right to a fair trial.

By Order dated August 25, 1997, U.S. District Judge Harold Baer, Jr. dismissed the petition as time-barred under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On June 24, 1998, the Second Circuit Court of Appeals reversed and remanded for further proceedings. *Joseph v. McGinnis*, 150 F.3d 103 (2d Cir. 1998).

On June 22, 1999, U.S. Magistrate Judge Michael H. Dolinger, to whom the matter had been referred, issued a Report and Recommendation (the "Report"), recommending that Mr. Joseph's petition be denied. Judge Dolinger ruled that petitioner was procedurally barred from bringing his claims; Judge Dolinger also reviewed and rejected petitioner's claims on the merits.

On June 25, 1999, petitioner filed written objections to the Report, pursuant to 28 U.S.C. § 636(b)(1)(C).

**For the reasons set forth below, this Court adopts Judge Dolinger's Report and Recommendation to the extent that it concludes that Mr. Joseph's petition should be denied on the merits.**

## II. *Analysis*

■ This Court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous. *See, e.g., Letizia v. Walker*, 1998 WL 567840, at *1 (W.D.N.Y. Aug. 27, 1998); *Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y.1991); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). The Court conducts a de novo review of those portions of the Report to which objections have been made. *See, e.g., Letizia*, 1998 WL 567840, at *1; *Pizarro*, 776 F.Supp. at 817. Once objections are received, a District Judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See, e.g., DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood*, 679 F.Supp. 372, 374 (S.D.N.Y. 1988).

### A. Exhaustion of State Remedies

■ A state prisoner seeking Federal habeas corpus review of his state court conviction must first exhaust his available state court remedies. 28 U.S.C. § 2245(b), (c). In order to satisfy the exhaustion requirement, a petitioner must "fairly present" to the state courts the Federal nature of the claims that form the basis of the habeas petition. *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir.1982). To this end, a petitioner must inform the state courts of both the facts allegedly constituting the violation and "essentially the same legal doctrine he asserts in his federal petition." *Id.*

The Magistrate Judge found that petitioner may have exhausted his state court remedy with respect to his Appellate Division, First Department appeal, but not with respect to his appeal to the New York State Court of Appeals. (*See* Magis. Report at 10–11.)

The Second Circuit Court of Appeals has held that the *Daye* notice requirement may be satisfied by a minimal reference in a state court brief to the Federal constitutional provision allegedly violated, without citation to Federal cases. *See Reid v. Senkowski*, 961 F.2d 374 (2d Cir.1992); *Gonzalez v. Sullivan*, 934 F.2d 419, 423 (2d Cir.1991). Subsequent cases in this Dis-

trict have similarly held that the allusion to a Federal constitutional provision in a heading in a brief may be sufficient to notify state courts of the Federal nature of a claim, particularly when supplemented in the text by at least a single invocation of such broad terms as "fair trial" or "due process of law". *See, e.g., Till v. Miller,* 1998 WL 397848, at *3 (S.D.N.Y. July 16, 1998); *Fernandez v. Dufrain,* 11 F.Supp.2d 407, 415 (S.D.N.Y.1998); *Smalls v. Batista,* 6 F.Supp.2d 211, 217–18 (S.D.N.Y. May 19, 1998); *Anderson v. Reynolds,* 1992 WL 47979, at *5— *6 (S.D.N.Y. March 3, 1992).

■ Petitioner Joseph argued in Point III of his brief to the Appellate Division the same evidentiary claims which he now asserts, namely that the trial court should not have admitted into evidence testimony concerning petitioner's (alleged) prior possession of a firearm at the Island Club and testimony concerning an (alleged) telephone threat by petitioner to the home of victim Sally Johnson. (*See* Appellant's Br. dated March 1994.) The caption to Point III read as follows:

> "EVIDENCE OF APPELLANT'S ALLEGED PRIOR GUN D PRIOR GUN POSSESSION, WHICH COULD ONLY HAVE BEEN INTRODUCED FOR THE PURPOSE OF SHOWING APPELLANT'S PROPENSITY TO COMMIT THE CRIMES CHARGED, AND A PRIOR TELEPHONED THREAT THAT WAS ATTRIBUTED TO APPELLANT WITHOUT ANY BASIS IN FACT, DEPRIVED HIM OF HIS RIGHT TO A FAIR TRIAL. U.S. CONST., AMEND. XIV; N.Y. CONST., ART. I, § 6."

*Id.* at 51. Petitioner also made the following conclusory assertion in the text of his argument: "As a consequence, the court's error in admitting this evidence deprived appellant of his right to a fair trial. U.S.

Const., Amend XIV; N.Y. Const., Art. I, § 6." *Id.* at 52. Thus, petitioner has, as Judge Dolinger concluded, met the *Daye* notice requirement with respect to the Appellate Division proceeding.

With respect to the Court of Appeals proceeding, whether petitioner "fairly presented" his Federal claim is more tenuous. Mr. Joseph's application for leave to appeal to the Court of Appeals was contained in a letter dated November 14, 1994 from counsel to Court of Appeals Judge Richard D. Simon. In this letter, petitioner's claims were argued strictly under state law, without reference to Federal cases or to the United States Constitution. (*See* Leave Application dated November 14, 1994.) Nevertheless, because counsel's November 14 [th] letter made reference to arguments contained in Point III of petitioner's Appellate Brief, it may be said that petitioner incorporated that section of the brief into his leave to appeal application, including the references to the Fourteenth Amendment. *Cf. Grey v. Hoke,* 933 F.2d 117 (2d Cir.1991) (holding that attachment of Appellate Division brief to letter application to the Court of Appeals did not put the Court on notice of those claims contained in the brief but not referenced in the letter under an *expressio unius est exclusio alterius* theory). Petitioner has, therefore, also satisfied the *Daye* exhaustion requirement with respect to his application to the Court of Appeals.

## B. Cause and Prejudice Analysis

Having determined that petitioner failed to exhaust his state court remedies, Judge Dolinger further found that no state procedural channels were left for petitioner to pursue. (Magis. Report at 12.) Accordingly, Judge Dolinger applied the "cause and prejudice" test to determine whether petitioner could demonstrate cause for the default and actual prejudice as a result of the

alleged violation of Federal law, or else show that a failure to consider his habeas claims would result in "a fundamental miscarriage of justice". *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640, *reh'g denied,* 501 U.S. 1277, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991). Judge Dolinger concluded that petitioner could not meet either of these standards and that his claims were, therefore, barred from habeas review. (Magis. Report at 14.)

Because this Court concludes that petitioner exhausted his state court remedies, the Court need not address the cause and prejudice analysis of Judge Dolinger.

## C. Merits of Petitioner's Claims

With respect to the merits of petitioner's claims, the Court is in agreement with Judge Dolinger in every material respect. The Court finds that petitioner was not deprived of his due process right to a fair trial.

In conducting habeas review, a Federal Court generally does not re-examine state court determinations on state law questions. See *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). This Court's review of the New York State trial court's admission of the two items of evidence challenged by petitioner is governed by 28 U.S.C. § 2254(d)(1), as amended by the AEDPA. Under that section, a claim that was adjudicated on the merits in state court proceedings will not result in the granting of a writ of habeas corpus unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". *Id.*

### 1. Prior Gun Possession

▇▇▇▇ Petitioner challenges the admission of testimony concerning his prior gun possession as irrelevant to his charged crimes and improperly suggestive of a propensity to commit such crimes (Pet'r Obj. ¶ 6.) The United States Supreme Court has held that "[w]here the prejudicial evidence is 'probative of [an] essential element' in the case, its admission does not violate the defendant's right to due process." *Dunnigan v. Keane,* 137 F.3d 117, 125 (citing *Estelle,* 502 U.S. at 69, 112 S.Ct. 475). Evidence of prior uncharged crimes may be admitted under both Federal and New York state law for purposes other than to show bad character or propensity towards crime. *See, e.g.,* Fed.R.Evid. 404(b); *People v. Alvino,* 71 N.Y.2d 233, 525 N.Y.S.2d 7, 519 N.E.2d 808 (1987); *People v. Allweiss,* 48 N.Y.2d 40, 421 N.Y.S.2d 341, 396 N.E.2d 735 (1979). The testimony of petitioner's prior gun possession was relevant, inter alia, to rebut petitioner's affirmative defense that he did not have the opportunity to smuggle a firearm into the club. The trial court clearly explained to the jury the grounds for its admission (Tr. at 474–5), and provided a detailed instruction as to its evaluation (*Id.* at 1004–6). Given the probative value of the testimony and the measures taken by the trial court to reduce the risk of prejudice, its admission was consistent with both New York State and Federal law.

### 2. Telephone Threats

▇▇▇▇ Petitioner also argues, with respect to the testimony concerning two phone calls to the home of Sally Johnson, that the foundation linking the calls to him was inadequate. (Pet'r Obj. ¶ 6.) Under New York law, the identity of a person speaking over a telephone may be established by circumstantial evidence in a situation where the listener does not recognize

the speaker's voice. *See, e.g., Dave Levine & Co., Inc. v. Wolf's Package Depot, Inc.,* 29 Misc.2d 1085, 138 N.Y.S.2d 427 (1955), *aff'd* 1 A.D.2d 874, 150 N.Y.S.2d 543 (1 st Dept.1956); *State v. Lynes,* 49 N.Y.2d 286, 425 N.Y.S.2d 295, 401 N.E.2d 405 (1980). Under *Levine,* 138 N.Y.S.2d at 431, a voice may be authenticated by circumstantial evidence if the conversation reveals that the speaker had knowledge of facts that he alone would be likely to know, "or if other confirmatory circumstances make it probable that he was the speaker." Having reviewed the record de novo, this Court finds that the trial court did not abuse its discretion in allowing the testimony under the *Levine* standard. Even assuming arguendo that the admission of this item of evidence was erroneous as a matter of law, it would not rise to the level of a due process violation. "For the erroneous admission of other unfairly prejudicial evidence to amount to a denial of due process, the item must have been 'sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" *Dunnigan,* 137 F.3d at 125 (quoting *Johnson v. Ross,* 955 F.2d 178, 181 (2d Cir.1992)). The evidence concerning the telephone calls was adduced at trial to establish that petitioner had the intent to harm Sally Johnson. (*See* Tr. 902–3; 939–40.) Significantly, petitioner was acquitted of the only charges (both in Count I) which required such a finding. (Tr. at 1051.)

### III. *Conclusion*

Accordingly, the Court incorporates Magistrate Judge Dolinger's Report by reference to the extent discussed above. Having conducted a de novo review, the Court is in agreement with Judge Dolinger's conclusions except as regards exhaustion of state remedies. For the reasons set forth herein, the petition for a writ of habeas corpus is denied. The Court further finds that a certificate of appeal ability is not warranted, as petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

The Clerk is respectfully directed to enter judgment.