■ The People of the State of New York, Respondent, v Rhassan Williams, Appellant. [821 NYS2d 604]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 21, 2003, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested on September 18, 2000. Pursuant to CPL 30.30 (1) (a), the People were required to be ready for trial within six months after commencement of this criminal action (see People v Goss, 87 NY2d 792, 796 [1996]). The six-month period herein consisted of 181 days (see People v Cortes, 80 NY2d 201, 207 [1992]). While the Supreme Court erred in finding that only 131 days of delay were chargeable to the People in determining the defendant's speedy trial motion, the Supreme Court nevertheless properly determined that the People remained within the requisite 181-day period.

The grand jury indicted the defendant on October 25, 2000; however, the People's statement of readiness for trial, dated October 26, 2000, was made prior to the filing of the indictment on October 31, 2000, and 30 days before the defendant's arraignment on November 30, 2000. The People's statement was therefore illusory and ineffectual to toll the running of time for speedy trial purposes (see People v England, 84 NY2d 1 [1994]). Accordingly, the Supreme Court erroneously excluded the 30-day period from October 31, 2000 to November 30, 2000, increasing the 131 days to 161 days. In addition, the court's miscalculation of the number of days between October 25, 2000 and October 31, 2000, as only five days requires that an additional day be charged to the People, increasing the running total to 162 days.

The Supreme Court also erroneously failed to include a period of five days, from November 8, 2001 to November 13, 2001, which represented a period during the course of which the court had adjourned the matter, at the People's request, and in the defendant's absence. Although the court later extended the adjournment until December 5, 2001, this extension was at the defendant's request, and in the People's absence. Where the People requested that the case be adjourned after announcing readiness, the People should have been charged only with the

actual number of days that they requested (*see People v Nielsen,* 306 AD2d 500, 501 [2003]; *People v Camillo,* 279 AD2d 326 [2001]; *People v Rivera,* 223 AD2d 476 [1996]). Moreover, a review of the record indicates that the defendant "actively participated" in the choice of the later adjourn date (*see e.g. People v Acosta,* 249 AD2d 161 [1998]; *People v Matthews,* 227 AD2d 313, 314 [1996]; *People v Goodwin,* 209 AD2d 228 [1994]). The Supreme Court thus erroneously excluded a period of five days, increasing the running total of 162 days to 167 days.

The Supreme Court further determined that a period of 15 days from February 7, 2002 to February 22, 2002 should have been excluded, as the matter was adjourned on consent. This was incorrect. Where an exclusion is based upon consent, such consent must be expressly stated by the defense (*see People v Liotta,* 79 NY2d 841, 843 [1992]). The record fails to demonstrate that there was an agreement that the case would be adjourned to February 22, 2002. Therefore, this period of 15 days was chargeable to the People, increasing the 167 days to 182 days. However, this 182-day running total is subject to reduction.

The People's contention that the three-day period from April 23, 2002 until April 26, 2002 should have been excluded, is an argument "which could not have been countered by the [defendant] had it been raised at the trial court" (*Sega v State of New York,* 60 NY2d 183, 190 n 2 [1983]; *see People v Mucciolo,* 104 AD2d 905 [1984]). The Supreme Court determined that this three-day period should be charged to the People for an adjournment in order for the court to appoint new 18-B counsel to the defendant. This was incorrect. Post-readiness delay for the appointment of 18-B counsel for a defendant "through no fault of the court" (CPL 30.30 [4] [f]), is not chargeable to the People (*id.; see People v Cortes, supra* at 210; *People v Correa,* 77 NY2d 930, 931 [1991]; *People v Aubin,* 245 AD2d 805, 806 [1997]; *People v Woodward,* 219 AD2d 837, 837 [1995]). Therefore, the 182 days charged to the People should have been reduced accordingly to 179 days.

Accordingly, since the People did not exceed the 181-day period within which they were required to bring the defendant to trial, the court properly denied the defendant's speedy trial motion. Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.