**UNITED STATES of America,**
**Appellee,**

v.

**Guido CUEVAS, Isidro Ruiz,**
**Defendants–Appellants**

Jose Guerrero,* Oscar Vallejo,*
Defendants.

Nos. 05–3950–cr, 05–5015–cr,*
05–5550–cr,* 05–5856–cr.

United States Court of Appeals,
Second Circuit.

Nov. 29, 2006.

Jacob W. Buchdahl, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Amy Finzi, Harry Sandick, Assistant United States Attorneys, of counsel), New York, NY, for Appellee.

Eric M. Sears, Law Office of Eric M. Sears, Esq., New York, NY, for Defendant–Appellant Guido Cuevas.

Randall Unger, Law Offices of Elizabeth E. Macedonio (Elizabeth E. Macedonio, on the brief), Bayside, New York, for Defendant–Appellant Isidro Ruiz.

PRESENT: Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges, Hon. JOHN GLEESON, District Judge.*

* The Honorable John Gleeson, District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Defendants Guido Cuevas and Isidro Ruiz were convicted after a jury trial of: (1) conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; (2) attempted possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; (3) conspiring to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and (4) carrying a firearm, and aiding and abetting in the same, in violation of 18 U.S.C. § 924(c)(1)(A) and § (2). Cuevas was sentenced to 248 months' imprisonment. Ruiz was sentenced to 420 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural posture, and specification of issues on appeal.

■ Initially, we hold that sufficient evidence was present in this case for the jury, "drawing reasonable inferences from the evidence," to have "fairly and logically" concluded the defendants were guilty beyond a reasonable doubt. *United States v. Rios*, 856 F.2d 493, 496 (2d Cir.1988); *see also United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir.1999) (allowing a court to grant a judgment of acquittal "only if the evidence that the defendant committed the crime alleged is nonexistent or ... meager" (internal quotations omitted)). There was sufficient evidence to prove both Ruiz's participation in the crimes, and that Cuevas "directly facilitated or encouraged" the carrying of a firearm to be used in the planned robbery. *United States v. Pipola*, 83 F.3d 556, 562 (2d Cir.1996) (internal citations omitted) (concluding defendant charged with aiding and abetting in violation of § 924(c)(2) must be shown to have known of underlying crime, to have had interest in furthering it, and consciously assisted others in the use or carrying of weapons in the underlying crime).

■ Both defendants also contend their convictions should be reversed because Agent Walsh's in-court identification violated their due process rights. The Supreme Court has laid out a five factor test to determine whether an identification is independently reliable when a suggestive identification procedure has been used. *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) (laying out the general five factors to include: "the opportunity of the witness to view the criminal ... the witness' degree of attention, the accuracy of his prior description ..., the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation" (citing *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972))). The District Court specifically found Agent Walsh's identification of the defendants here was independently reliable. The Agent testified that he saw the defendants walk within ten feet of his vehicle, he made eye-contact with them at that time, and he remembered how each of these defendants was dressed. In addition, the Agent identified only certain participants in the crime, including Cuevas and Ruiz. We find no clear error in the District Court's finding that Agent Walsh's identification was independently reliable. *United States v. Muhammad*, 463 F.3d 115, 124 (2d Cir. 2006). Whether or not the pre-trial identification procedure the defendants challenge was impermissibly suggestive, there was no "substantial likelihood of irreparable misidentification" in allowing Agent Walsh to make the in-court identification. *Johnson v. Ross*, 955 F.2d 178, 180 (2d Cir.1992).

■ The defendants, moreover, had an opportunity to cross-examine Agent Walsh regarding his ability to identify them as well as the suggestiveness of the pre-trial procedures. *Mysholowsky v. People of the*

*State of New York*, 535 F.2d 194, 198 (2d Cir.1976) (cross-examining witnesses as to possible undue suggestiveness of pretrial identifications "adequately advised [jury] so that it could determine the weight it should give to those identifications and to the effect of the pretrial photo exhibits"); *United States ex rel. John v. Casscles*, 489 F.2d 20, 26 (2d Cir.1973) ("An important factor for consideration is the extent of cross-examination by defense counsel, so that all the facts concerning any possible misidentification are before the jury."); *see also Kennaugh v. Miller*, 289 F.3d 36, 43 (2d Cir.2002) (noting "reliability of eyewitness identification testimony is usually an issue for jury determination"). Accordingly, Agent Walsh's in-court identifications of the defendants was properly admitted. *United States v. Lumpkin*, 192 F.3d 280, 288 (2d Cir.1999) (reviewing "district court's decision to admit identification evidence for clear error").

■ As to the defendants' claims with respect to the prosecutor's summation, we conclude none of the challenged comments was so impermissible as to cause the defendants to suffer "substantial prejudice." *United States v. Parker*, 903 F.2d 91, 98 (2d Cir.1990). Looking to the "severity of the misconduct[,] the measures adopted to cure the misconduct[,] and the certainty of conviction absent the improper statements," we conclude the defendants have suffered no prejudice as a result of any of the government's closing argument. *Tankleff v. Senkowski*, 135 F.3d 235, 252 (2d Cir.1998) (quoting *Floyd v. Meachum*, 907 F.2d 347, 355 (2d Cir.1990)).

[5] Although defendants assert the government improperly injected its own credibility into the case, we reiterate that the government is permitted to respond to an argument "that impugns its integrity or the integrity of its case" *United States v. Rivera*, 22 F.3d 430, 438 (2d Cir.1994);

*accord United States v. Praetorius*, 622 F.2d 1054, 1060–61 (2d Cir.1979) (generally giving prosecutors more leeway after the defense has "attacked the prosecutor's credibility or the credibility of the government agents," to reply with "rebutting language suitable to the occasion" (internal quotations omitted)). Additionally, the government is permitted to comment on a defendant's failure to refute government evidence or to call witnesses to support his own factual theories, so long as those remarks cannot be construed as a comment on the defendant's failure to testify or as a suggestion that the defendant has any burden to produce evidence. *See, e.g., United States v. Bautista*, 23 F.3d 726, 733 (2d Cir.1994); *United States v. Rosa*, 11 F.3d 315, 342 (2d Cir.1993). In sum, because we cannot say the prosecutor's comments were so impermissible, if impermissible at all, as to cause prejudice to the defendants, the District Court sustained the defendants' objections to certain arguments and immediately thereafter gave a further jury instruction with respect to burden of proof, and overwhelming evidence was presented to convict the defendants, there are no grounds for setting aside either defendant's conviction as a result of the government's summation.

■ Cuevas also argues the government erred in admitting evidence of his prior uncharged crimes, primarily asserting that because the prejudicial value of the evidence outweighed its probative value, the evidence should have been excluded. The Court reviews a district court's evidentiary rulings for abuse of discretion, *United States v. Schultz*, 333 F.3d 393, 415 (2d Cir.2003) (quoting *Old Chief v. United States*, 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574, (1997)), and those rulings will not be overturned unless "arbitrary or irrational." *United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir.2004) (inter-

nal quotation omitted). The evidence at issue here was properly admitted to prove Cuevas's previous association with the key government witness. *United States v. Paulino*, 445 F.3d 211, 221 (2d Cir.2006) (referencing Second Circuit's "inclusionary" approach to admitting other-act evidence under Rule 404(b) for any purpose other than to demonstrate criminal propensity, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the probative value of this relevant purpose is not substantially outweighed by any unfair prejudice" (internal citations omitted)); *see also, e.g. United States v. Kalaydjian*, 784 F.2d 53, 56 n. 3 (2d Cir.1986) ("We have held that a trial court has the discretion to admit prior act evidence in order to establish the background of the conspiracy, or to show the basis of the trust relationship between the informant and the defendant."). We find the District Court did not abuse its discretion in determining that the probative value of the admitted evidence was not outweighed by a risk of unfair prejudice. *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir.1998) (allowing prior uncharged crime evidence if the evidence is relevant to an issue at trial other than the defendant's character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice.).

 Finally, both Cuevas and Ruiz challenge their sentences. We conclude the trial judge appropriately considered Cuevas's leadership role in the criminal scheme when imposing Cuevas's sentence, and he properly considered the factors set forth in 18 U.S.C. § 3553(a) as to both defendants. Ultimately, the respective sentences imposed by the District Court

were procedurally and substantively reasonable. *United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005).

We have considered all of the defendants' remaining contentions and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby **AF-FIRMED.**