OPINION OF THE COURT
Michelle A. Armstrong, J.
By motion filed on January 27, 2014, defendant moves for dismissal of the accusatory instrument due to an alleged violation of his right to a speedy trial. The People filed an affirmation in opposition dated February 18, 2014. For the reasons set forth below, the defendant’s motion to dismiss is granted in its entirety.
Defendant is charged with assault in the third degree (Penal Law § 120.00 [1]), a class A misdemeanor, and harassment in the second degree (Penal Law § 240.26 [1]), a violation. When the most serious charge contained in an accusatory instrument is an A misdemeanor, the People must announce ready for trial within 90 days from the date of commencement, absent a showing of excludable time (CPL 30.30 [1] [b]).
In determining whether the People have satisfied their obligation to be ready for trial under Criminal Procedure Law § 30.30, this court must calculate the time between the filing of the first accusatory instrument and the People’s declaration of readiness, then subtract any statutorily excludable periods of delay, and finally add any periods of post-readiness delay that are attributable to the People for which no statutory exclusions apply (see People v Cortes, 80 NY2d 201, 208 [1992]). However, “where a defendant [is] served with [a desk] appearance ticket, the . . . action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket” (CPL 30.30 [5] [b]). Once the defendant has shown the existence of a delay greater than the statutory period, the burden rests on the People to show any pre-readiness exclusions, and on the defendant to show any post-readiness inclusions (People v Chavis, 91 NY2d 500, 504-505 [1998]). The People also bear the burden of producing a record of the proceedings sufficient for the court to reach “an informed decision” regarding what time may be excludable (People v Stirrup, 91 NY2d 434 [1998]; People v Cortes, 80 NY2d 201, 215-216 [1992]).
The defendant received a desk appearance ticket on November 9, 2012, directing him to appear in court on December 18, 2012 *471 (affirmation of Aharon Diaz, Feb. 18, 2014). The defendant appeared as directed, and was arraigned on the misdemeanor complaint. The case was adjourned to February 11, 2013, for the People to convert the complaint to an information by filing a supporting deposition (case file). In the interim, off-calendar, on January 2, 2013,[1] the People served and filed the requisite supporting deposition and certificate of readiness (court file). Hence, the 15-day period from December 18th to January 2nd is chargeable to the People. The 40-day period from January 2nd to February 11th is excludable, since the People announced their readiness for trial. (Fifteen total days chargeable to the People.)
On February 11, 2013, the parties agreed to open file discovery and the case was adjourned to March 19, 2013 for that purpose and possible disposition (Feb. 11, 2013 stenographic minutes of proceedings). This 36-day period is excludable, as a period of delay requested or consented to by the defendant (CPL 30.30 [4] [b]). (Fifteen total days chargeable to the People.)
On March 19, 2013, the People maintained their readiness for trial, made no plea offer, and stated that the previously agreed upon open file discovery would be served on defendant off-calendar (Mar. 19, 2013 stenographic minutes of proceedings). Defendant objected to the People’s continued declaration of readiness based on the People’s failure to make a plea offer, which defendant contends is indicative of the People’s lack of communication with the complaining witness in this case (affirmation of Aubrey Dillon, Jan. 27, 2014). Although the calendar court opined that the People should be charged speedy trial time based on defendant’s contentions, this court finds no legal basis to do so. Since the defendant is not legally entitled to receive, nor are the People legally obligated to convey, a plea offer in any criminal case, it stands to reason that the People’s failure to do so may not be held against them for speedy trial purposes. Inasmuch as a lack of communication with a complainant is but one of numerous reasons that the People may elect not to convey a plea offer to a defendant in a criminal case, defendant’s arguments in this regard lack merit. The case was adjourned to March 25, 2013 for open file discovery. This six-day period is excludable since the People answered ready for trial. {Fifteen total days chargeable to the People.)
*472 On March 25, 2013, the People served and filed open file discovery, made no offer and maintained their readiness for trial (Mar. 25, 2013 stenographic minutes of proceedings). The case was adjourned to April 8, 2013 for trial (id.). This 14-day period is excludable since the People answered ready for trial. (Fifteen total days chargeable to the People.)
On April 8, 2013, the People were not ready for trial and requested an adjournment to April 15, 2013 (Apr. 8, 2013 stenographic minutes of proceedings). The case was adjourned to May 14, 2013 for trial (id.). The seven-day period from April 8th to April 15th is chargeable to the People. The 29-day period from April 15th to May 14th is excluded since the People previously answered ready for trial and requested a specific adjournment (People v Williams, 32 AD3d 403 [2d Dept 2006]; People v Liotta, 79 NY2d 841 [1992]). (Twenty-two total days chargeable to the People.)
On May 14, 2013, the People were not ready for trial and requested an adjournment to May 21, 2013 (May 14, 2013 stenographic minutes of proceedings). The case was adjourned to July 8, 2013 for trial (id.). The seven-day period from May 14th to May 21st is chargeable to the People. The 48-day period from May 21st to July 8th is excluded, since the People previously answered ready for trial and requested a specific adjournment (People v Williams, 32 AD3d 403 [2d Dept 2006]; People v Liotta, 79 NY2d 841 [1992]). (Twenty-nine total days chargeable to the People.)
On July 8, 2013, the People were not ready for trial and requested an adjournment to July 12th (July 8, 2013 stenographic minutes of proceedings). The calendar court noted the People’s two prior requests for specific adjournments followed by continued declarations of unreadiness on the next calendar court date (id.). Notably, the People could not provide, in response to the calendar court’s inquiry, any specific information regarding why they were not ready for trial on this date; nor could they explain what change in circumstance would allow them to be ready for trial on the specific date they requested (id.). As a result, the calendar court denied the People’s request for a specific adjourn date, and directed the People to file a certificate of readiness when they are actually ready to proceed to trial. The case was adjourned to September 30, 2013 for trial (id.). In the interim, off-calendar, on July 15, 2013, the People served and filed a certificate of readiness (court file).
On September 30, 2013, the People were not ready for trial and requested an adjournment to October 4, 2013 (Sept. 30, *473 2013 stenographic minutes of proceedings). The calendar court noted that this adjournment represented the fourth consecutive time that the People were not ready to proceed to trial on the calendar date. Again, the People provided no information regarding why they were not ready for trial on this date; nor did they offer any explanation for what change in circumstance would allow them to be ready for trial on the specific date they requested. The calendar court again denied the People’s request for a specific adjourn date, and directed them to file a certificate of readiness when they were actually ready to proceed to trial. The case was adjourned to December 2, 2013 for trial {id.). In the interim, off-calendar, on October 7, 2013, the People served and filed a certificate of readiness (court file).
On December 2, 2013, the People were not ready for trial and requested an adjournment to December 5, 2013, asserting that the complaining witness had not received the People’s subpoena (Dec. 2, 2013 stenographic minutes of proceedings). The calendar court, noting the People’s failure to be ready to proceed to trial on this case since May 14th (over six months), denied the People’s request for a specific adjournment. The calendar court directed the People to file a certificate of readiness when they were actually ready to proceed to trial. The case was adjourned to January 13, 2014 for trial {id.). In the interim, off-calendar, on December 5, 2013, the People filed another certificate of readiness {court file).
On January 13, 2014, once again, without providing any reason for their delay, the People announced not ready for trial and requested an adjournment to January 17, 2014 (Jan. 13, 2014 stenographic minutes of proceedings). Defendant requested a motion schedule, which the court set. The case was adjourned to February 25, 2014 for court decision {id.). This 43-day period is excluded as a period during which the defendant’s motion was under consideration by the court (CPL 30.30 [4] [a]).
On February 25, 2014, the court directed the People to submit the stenographic minutes of the calendar proceedings for the court’s consideration. The matter was adjourned to May 5th, and subsequently to June 2, 2014, for court decision.
The defendant now argues that the People’s initial assertion of readiness made in open court on February 11, 2013, and all declarations of readiness thereafter, whether made in court, or off-calendar by filing certificates of readiness, are illusory. Specifically, defendant posits that the People’s pattern of failing to be ready on the calendar court dates, while repeatedly *474 requesting specific adjournments to future dates of anticipated readiness and/or filing certificates of readiness off-calendar, demonstrates that the People were, in fact, not ready at all. This court agrees.
The People initially announced ready for trial by serving and filing a certificate of readiness dated January 2, 2013.[2] The case was next on the calendar on February 11, 2013, whereupon the People maintained their readiness for trial. The case was adjourned for discovery practice which concluded on March 25, 2013. Thereafter, the case was adjourned to April 8, 2013 for trial.
Over the 11-month period commencing on April 8, 2013 to January 13, 2014, this case appeared on the court calendar on six separate dates for trial. On each of those dates, the People announced not ready for trial, requested a specific short adjourn date and/or filed a certificate of readiness within a short period of time following the declaration of not ready in open court, and provided no information to clarify the change in status from not ready in court to ready for trial on the specific date requested and/or upon the off-calendar filing of a certificate of readiness within seven days of the preceding calendar appearance.
Although the defendant ordinarily has the burden of showing that any post-readiness adjournments occurred under circumstances that should be charged to the People, it is the People’s burden to ensure, in the first instance, that the record of the proceedings at which the adjournment was granted is sufficiently clear to enable a court considering a subsequent speedy trial motion to make an informed decision regarding which party should be properly charged with any periods of delay (People v Stirrup, 91 NY2d 434, 440 [1998]; People v England, 84 NY2d 1 [1994]; People v Cortes, 80 NY2d 201, 215-216 [1992]; People v Kendzia, 64 NY2d 331, 337 [1985]). The People’s burden in this regard requires more than the mere empty assertion of readiness (id.).
In the post-ready posture of a case, New York courts have routinely accorded the People a presumption of validity in their declarations of readiness for trial (People v Williams, 32 AD3d 403 [2d Dept 2006]; People v Liotta, 79 NY2d 841 [1992]). However, such presumption of truthfulness and accuracy is not *475 absolute (see People v Sibblies, 22 NY3d 1174 [2014] [Judge Graffeo’s concurring opinion finding that the People’s failure to explain a change in readiness status, in the post-ready stage, can raise doubts regarding the People’s true state of readiness for trial]; People v Kendzia [speedy trial statute contemplates an indication of present readiness, not a prediction or expectation of future readiness]; People v Nunez, 47 AD3d 545, 546 [1st Dept 2008] [appropriate for court to deny People’s repeated requests for adjournments to a specific date when a pattern of announcing not ready on the calendar court day develops]). In Sibblies, the Court of Appeals recently recognized the potential for strategic abuse of New York’s speedy trial statute. In fact, the circumstances present in this case bring to the forefront the very concerns raised by Chief Judge Lippman in Sibblies; that is, the People’s pronouncements of “readiness in the air,” versus their requisite “readiness on the ground” (id. at 1178).
This court is particularly disturbed by what I find to be a clear and demonstrable pattern of conduct by the People, which raises significant doubts regarding the true state of their readiness for trial between July 8, 2013 and January 13, 2014. More alarming, is the utter lack of any explanation for the People’s repeated and consecutive change in status from ready, to not ready, to ready again within short intervals of time. Even when faced with the calendar court’s expressed skepticism about the validity of the People’s declarations of readiness off-calendar or prospective readiness on a date they requested, the People could not provide any reason whatsoever for their repeated shifts from ready to not ready over this six-month period. Hence, I find the People’s statements of readiness filed during this period of time to be illusory, and not a true reflection of the People’s state of readiness. As such, the entire 189-day period from July 8, 2013 to January 13, 2014 constitutes time chargeable to the People.
For the reasons stated above, this court calculates a total of 29 chargeable days from December 18, 2012 to July 8, 2013, and a total of 189 chargeable days from July 8, 2013 to January 13, 2014. In sum, the People have accrued a total of 218 chargeable days of delay since commencement of this action. Accordingly, the defendant’s motion to dismiss on the ground of a speedy trial violation is granted in its entirety.

. Although the certificate of readiness is dated December 31, 2012, it was actually filed on January 2, 2013, as evidenced by the Queens County Clerk’s stamp erroneously dated December 33, 2012.

. As indicated above, the certificate is actually erroneously stamped as filed with the court on December 33, 2012.