People v Moore (2024 NY Slip Op 06214)

People v Moore

2024 NY Slip Op 06214

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-06306
 (Ind. No. 1087/20)

[*1]The People of the State of New York, respondent,
v
Antonio Moore, appellant.

Russell Law Group, PLLC, Westbury, NY (Camille O. Russell of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered June 21, 2023, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of the same court dated July 27, 2022, denying the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
ORDERED that the judgment is reversed, on the law, the order dated July 27, 2022, is vacated, the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
On October 15, 2020, the defendant was charged by felony complaint, inter alia, with criminal possession of a weapon in the second degree. A grand jury voted to indict the defendant on October 27, 2021. On November 9, 2021, before filing the indictment, the People filed a statement of readiness for trial. The People filed the indictment on November 18, 2021, and the defendant was arraigned on December 8, 2021.
"Pursuant to CPL 30.30(1)(a), the People must be ready for trial within six months of the commencement of a criminal action accusing a defendant of a felony offense" (People v Carter, 91 NY2d 795, 798). Here, the parties agree that the six-month period totaled 182 days, and that the speedy trial clock did not begin to run until May 24, 2021, by virtue of a series of Executive Orders issued by the Governor of the State of New York (see 9 NYCRR 8.202.67, 8.202.87, 8.202.106; see generally People v Taback, 216 AD3d 673, 674). Thus, the People had until November 22, 2021, to be ready for trial.
"Ready for trial" for purposes of CPL 30.30 means "present readiness, not a prediction or expectation of future readiness" (People v Kendzia, 64 NY2d 331, 337). "A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the [*2]running of the speedy trial clock" (People v England, 84 NY2d 1, 4).
Here, as the People correctly concede, their statement of readiness filed on November 9, 2021, before the filing of the indictment, was illusory and thus ineffective to stop the speedy trial clock (see People v Williams, 231 AD3d 972, 973; People v Williams, 32 AD3d 403, 404). The People also acknowledge that they did not thereafter declare their readiness until after the six-month period had expired and, therefore, that the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial should have been granted (see id. § 30.30[1]; People v Williams, 231 AD3d at 973; People v Kendzia, 64 NY2d at 337-338; People v Lisene, 201 AD3d 738, 740).
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court