Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.), rendered June 4, 2008, convicting him of harassment in the second degree, after a nonjury trial, and imposing sentence.
Ordered that the judgment is affirmed.
The People are required to be ready for trial within six months after commencement of a felony criminal action (see CPL 30.30 [1] [a]; People v Beasley, 69 AD3d 741, 742 [2010]). As to periods of delay that occur following the People’s statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded (see People v Hernandez, 92 AD3d 802, 803 [2012]; People v Williams, 32 AD3d 403, 404-405 [2006]; People v Nielsen, 306 AD2d 500, 501 [2003]; People v Williams, 229 AD2d 603, 603-604 [1996]). Accordingly, the Supreme Court properly excluded the postreadiness delay between August 8, 2007, and October 24, 2007, in excess of the two-week adjournments requested by the People on August 8, 2007, and on September 19, 2007 (see People v Hernandez, 92 AD3d at 803; People v Williams, 32 AD3d at 404-405; People v Nielsen, 306 AD2d at 501; People v Williams, 229 AD2d at 603-604). The court also properly excluded the period between November 28, 2007, when the court denied the defendant’s motion to dismiss the indictment pursuant to CPL 30.30, and January 9, 2008, the date the court set for trial. As the total time chargeable to the People was less than the six-month time period provided by CPL 30.30 (1) (a), the Supreme Court properly denied the defendant’s motion to dismiss the indictment pursuant to CPL 30.30.
The defendant’s contention that the evidence was legally insufficient to support his conviction of harassment in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of this crime beyond a reasonable doubt. Moreover, in fulfilling *864 our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.