[68 NE3d 45, 45 NYS3d 320]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROWN, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE YOUNG, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EARL CANADY, Respondent.

Argued November 14, 2016; decided December 20, 2016

## POINTS OF COUNSEL

*Robert DiDio & Associates*, Kew Gardens (*Danielle Muscatello* of counsel), for appellant in the first above-entitled action.

396

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Sylvia Wertheimer* and *Patrick J. Hynes* of counsel), for respondent in the first above-entitled action.

*The Legal Aid Society*, New York City (*Thomas M. O'Brien* of counsel), for the Legal Aid Society, amicus curiae. 

*Cleary Gottlieb Steen & Hamilton LLP*, New York City (*Ari D. MacKinnon, Darryl G. Stein* and *Molly B. Calkins* of counsel), for The Bronx Defenders, amicus curiae. 

398

*Thomas P. Zugibe, District Attorneys Association of the State of New York* (*Sarah S. Rabinowitz, Morrie I. Kleinbart, Itamar J. Yeger* and *Tammy J. Smiley*), for District Attorneys Association of the State of New York, amicus curiae.

*Seymour W. James, Jr., The Legal Aid Society*, New York City (*Jonathan Garelick* of counsel), for appellant in the second above-entitled action.

*Eric Gonzalez, Acting District Attorney*, Brooklyn (*Leonard Joblove, Seth M. Lieberman* and *Jill Oziemblewski* of counsel), for respondent in the second above-entitled action.

*Eric Gonzalez, Acting District Attorney*, Brooklyn (*Seth M. Lieberman, Leonard Joblove* and *Ann Bordley* of counsel), for appellant in the third above-entitled action.

*Seymour W. James, Jr., The Legal Aid Society*, New York City (*Andrew C. Fine* of counsel), for respondent in the third above-entitled action.

**OPINION OF THE COURT**

PIGOTT, J.

In each of these appeals, defendants moved to dismiss the accusatory instrument on speedy trial grounds pursuant to CPL 30.30 (1) arguing that the People's off-calendar statements of readiness were illusory because the People were not ready for trial at the next court appearance. The common issue—left open in *People v Sibblies* (22 NY3d 1174 [2014])—is whether, in the event of a change in the People's readiness status, the People or the defendant have the burden of showing that a previously filed off-calendar statement of readiness is illusory. We hold that such a statement is presumed truthful and accurate—a presumption that can be rebutted by a defend-

ant's demonstration that the People were not, in fact, ready at the time the statement was filed. If the People announce that they are not ready after having filed an off-calendar statement of readiness, and the defendant challenges such statement—at a calendar call, in a CPL 30.30 motion, or both—the People must establish a valid reason for their change in readiness status to ensure that a sufficient record is made for the court to determine whether the delay is excludable. The defendant then bears the ultimate burden of demonstrating, based on the People's proffered reasons and other relevant circumstances, that the prior statement of readiness was illusory.

I

### *People v Young*

In January 2009, defendant Terrence Young was charged in a misdemeanor complaint with, among other things, assault in the third degree and disorderly conduct. After defendant was arraigned, the People filed an off-calendar statement of readiness and announced ready at several subsequent court appearances.

On November 13, 2009, the People announced not ready for trial explaining that the prosecutor assigned to the case was engaged in another prosecutorial assignment. After the People requested a one-week adjournment, the court adjourned the matter. The People filed an off-calendar statement of readiness on December 18, 2009.

On January 12, 2010, the People again answered not ready for trial and requested an adjournment to January 19, 2010. The People informed the court that they had learned the day before that the New York City Housing Authority (NYCHA) had conducted a hearing related to this case at which defendant and the police officer witness, Officer Lipes, testified. The People explained that they were in the process of obtaining and reviewing the transcript of that proceeding.

The next day, January 13, 2010, the People served and filed another off-calendar statement and affirmations of readiness executed by the prosecutor and Officer Lipes. The People later explained that they had obtained and reviewed the NYCHA transcript on the evening of January 12, 2010. At the January 19, 2010 calendar call, the People stated that they were ready for trial. Defendant subsequently filed a motion to dismiss pursuant to CPL 30.30 (1) (b).

Criminal Court denied defendant's motion, rejecting his argument that the entire period from December 18, 2009 to January 12, 2010 should be charged to the People because the December 18 off-calendar statement of readiness was illusory. Defendant was subsequently convicted of disorderly conduct and given a conditional discharge.

The Appellate Term affirmed defendant's conviction, concluding that the People's December 18, 2009 off-calendar statement of readiness was "not illusory, as it accurately reflected the People's position of readiness at the time it was filed" (46 Misc 3d 142[A], 2015 NY Slip Op 50171[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). A Judge of this Court granted defendant leave to appeal (25 NY3d 1173 [2015]).

### *People v Canady*

After defendant Earl Canady allegedly assaulted a man inside a Brooklyn building, the People filed an information on February 9, 2011 charging him with, among other things, assault in the third degree. The People announced that they were ready for trial, and the case was adjourned for open file discovery.

On March 2, 2011, the People were not ready for trial because the assigned prosecutor was engaged in a trial. The People sought an adjournment to March 8, 2011; the court adjourned the matter to April 19, 2011 stating that the People would be charged with the time from March 2 to March 8.

The People subsequently served and filed an off-calendar statement of readiness on April 18, 2011. The next day, however, at an April 19 calendar call, they announced that they were not ready for trial. The court adjourned the matter and noted that the "People will be charged until they file a statement of readiness." The transcript does not indicate why the People were unready, but the court's records indicate that the People did not have their file. The People served and filed another off-calendar statement of readiness on May 4, 2011.

The court granted defendant's CPL 30.30 (1) (b) motion and dismissed the accusatory instrument. The Appellate Term affirmed, concluding, in relevant part, that the April 18, 2011 off-calendar statement of readiness was illusory and, thus, 41 days of delay in the period from March 8, 2011 until April 18, 2011 were chargeable to the People (*see* 50 Misc 3d 132[A], 2015 NY Slip Op 51942[U] [App Term, 2d Dept, 2d, 11th &

13th Jud Dists 2015]). Given its determination, the court did not reach defendant's additional claim of time chargeable to the People. A Judge of this Court granted the People leave to appeal (27 NY3d 1067 [2016]).

### *People v Brown*

In November 2006, defendant James Brown was charged with two counts of robbery in the first degree, and subsequently was indicted on those charges. At a July 9, 2007 court appearance, the People did not answer ready for trial and, concerning an adjourn date, stated that "7/23 is good. The week of 7/30 is bad." Supreme Court adjourned the matter to August 8, 2007. On July 17, eight days after the July 9 appearance, the People filed an off-calendar statement of readiness. This was the first time they had answered ready for trial. But at the subsequent August 8 calendar call, the People answered not ready for trial and failed to provide an explanation as to why they were not ready.

Defendant moved to dismiss the indictment on speedy trial grounds pursuant to CPL 30.30 (1) (a), arguing—for the first time in his reply papers—that the July 17, 2007 statement of readiness "was illusory as the People were not ready again on August 8." The court denied the motion and also rejected defendant's request for a hearing as to the discrepancy in the People's readiness responses.

Defendant was found guilty of one count of robbery in the first degree. He was sentenced, as a persistent violent felony offender, to a term of 22 years to life. The Appellate Division affirmed (*see* 126 AD3d 516 [1st Dept 2015]), and a Judge of this Court granted defendant leave to appeal (25 NY3d 1160 [2015]).

Defendant raises several other issues in addition to his speedy trial claim. Before trial commenced, the People conceded that a pretrial lineup at which a victim identified defendant was unduly suggestive. After conducting a hearing, the court concluded that an independent source existed for the victim to identify defendant in court. Immediately after the court's ruling, defendant requested that he not be required to sit next to his counsel during the witnesses' attempts to identify him at trial. The court rejected defendant's request. Following a mistrial, the court denied defendant's renewed request that he not be required to sit next to his counsel during attempts to identify him.

Prior to jury selection, the court notified counsel that "[i]n [her] courtroom, when you voir dire, you each have five minutes. I do everything." The court conducted its voir dire of the jurors, and then allowed counsel to question the prospective jurors. During that inquiry, the court reiterated its five-minute rule on numerous occasions and, with the purpose of hastening voir dire, interrupted defendant's counsel multiple times while he interacted with the prospective jurors. Defendant's counsel however never requested additional time or objected to the court's procedure.

## II

### CPL 30.30

CPL 30.30 "was enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly" (*People v Sinistaj*, 67 NY2d 236, 239 [1986]; *see People v Price*, 14 NY3d 61, 64 [2010] ["the dominant legislative intent informing CPL 30.30 . . . (is) to discourage prosecutorial inaction"]). "CPL 30.30 (1) (a) requires the People to be ready for trial within six months of the commencement of a criminal action in which a felony is charged" and section 30.30 (1) (b) requires that the People be ready within 90 days in misdemeanor cases (*Price*, 14 NY3d at 63).

"The failure to declare readiness within the statutory time limit will result in dismissal of the prosecution, unless the People can demonstrate that certain time periods should be excluded" (*id.*). Once a defendant sufficiently alleges that the People were not ready within the statutory period, "the People [have] the burden of showing their entitlement to a statutory exclusion" (*People v Luperon*, 85 NY2d 71, 81 [1995]; *see People v Santos*, 68 NY2d 859, 861 [1986]).

" 'Ready for trial' comprises two elements" (*People v Chavis*, 91 NY2d 500, 505 [1998]). First, there must be " 'either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk' " (*id.*, quoting *People v Kendzia*, 64 NY2d 331, 337 [1985]). Second, "the People must in fact be ready to proceed at the time they declare readiness" (*id.*). In other words, "[t]o be effective, a statement of readiness must be communicated on the record at a time when the People are truly ready to proceed" (*People v Carter*, 91 NY2d 795, 798

[1998]). "The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness" (*Kendzia*, 64 NY2d at 337).

"A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (*People v England*, 84 NY2d 1, 4 [1994]). "[R]eadiness is not defined simply by an empty declaration that the People are prepared to present their direct case" (*id.*). "The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried" (*id.*). "[T]he statement 'ready for trial' contemplates more than merely mouthing those words" (*id.* at 5).

We have held that "a notice of readiness is the kind of record commitment to proceed which satisfies the People's duty to be ready for trial, and serves to toll the 'speedy trial clock' from running for the remainder of that adjournment period" (*People v Stirrup*, 91 NY2d 434, 440 [1998]). Still, "postreadiness delay may be charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial" (*Carter*, 91 NY2d at 799). "By contrast, postreadiness delay attributable to the court is not charged to the People" (*People v Goss*, 87 NY2d 792, 797 [1996]). Thus, "[a]s to periods of delay that occur following the People's statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded" (*People v Boumoussa*, 104 AD3d 863, 863 [2d Dept 2013]; *see People v Rivera*, 223 AD2d 476, 476 [1st Dept 1996], *lv denied* 88 NY2d 852 [1996]).

"In the postreadiness context, the People bear the burden of ensuring that the record explains the cause of adjournments sufficiently for the court to determine which party should properly be charged with any delay" (*Stirrup*, 91 NY2d at 440; *see People v Cortes*, 80 NY2d 201, 215-216 [1992], *rearg denied* 81 NY2d 1068 [1993]). However, "the defendant ordinarily has the burden of showing that any postreadiness adjournments occurred under circumstances that should be charged to the People" (*Cortes*, 80 NY2d at 215). Thus, "[i]n the absence of proof that [a] readiness statement did not accurately reflect the People's position . . . , the People [have] discharged their duty under CPL 30.30" (*Carter*, 91 NY2d at 799).

This Court decided *Sibblies* upon this established precedent. In *Sibblies*, the defendant was arrested for offenses arising out of an altercation occurring during a traffic stop. After filing a

misdemeanor information, the People filed an off-calendar statement of readiness. Eight days later, the People sought medical records of the police officer injured in the altercation. About three weeks after that, the People stated that they were not ready because they were continuing to investigate and were awaiting the officer's medical records. The People filed a second statement of readiness 104 days after their speedy trial period began to run. In a short memorandum, we held that the defendant's CPL 30.30 motion should have been granted and we dismissed the information (*see* 22 NY3d at 1175). However, neither of the two concurring opinions—one written by Chief Judge Lippman and the other by Judge Graffeo—garnered a majority of the Court.

Chief Judge Lippman would have held "that, if challenged, the People must demonstrate that some exceptional fact or circumstance arose after their declaration of readiness so as to render them presently not ready for trial. The requirement of an exceptional fact or circumstance should be the same as that contained in CPL 30.30 (3) (b)" (*id.* at 1178 [Lippman, Ch. J., concurring]). "If the People cannot demonstrate an exceptional fact or circumstance, then," in the Chief Judge's view, "the People should be considered not to have been ready when they filed the off-calendar certificate, and the time between the filing and the following appearance cannot be excluded and should be charged to them" (*id.* [Lippman, Ch. J., concurring]). Under the facts of the case, the Chief Judge concluded that "the People's unreadiness, while declared in good faith, was not due to the type of 'exceptional fact or circumstance' contemplated by CPL 30.30 (3) (b)" (*id.* at 1179 [Lippman, Ch. J., concurring]).

Judge Graffeo agreed that the defendant's motion should have been granted, but stated that "there is a presumption that a statement of readiness is truthful and accurate" (*id.* at 1180 [Graffeo, J., concurring]). Judge Graffeo concluded that the "statement of readiness . . . did not accurately reflect the People's position" because "within days" after the statement of readiness, the People sought the medical records and at the next calendar call "admitted that [they] were not in fact ready to proceed because they were continuing their investigation" (*id.* at 1181 [Graffeo, J., concurring]).

Today, we hold that an off-calendar statement of readiness is presumed truthful and accurate and that a defendant who challenges such a statement must demonstrate that it is il-

lusory. This holding resolves the question left open in *Sibblies* in conformance with our established CPL 30.30 precedent. Indeed, as noted above, we have ordinarily placed the burden on the defendant to show that "postreadiness adjournments occurred under circumstances that should be charged to the People" (*Cortes*, 80 NY2d at 215; *see Carter*, 91 NY2d at 799). Notably, this result accords with Appellate Division case law on the issue decided before *Sibblies* (*see People v Miller*, 113 AD3d 885, 887 [3d Dept 2014]; *People v Bonilla*, 94 AD3d 633, 633 [1st Dept 2012]).

Although the defendant bears the ultimate burden of demonstrating that a statement is illusory, the People retain the obligation in the postreadiness context to ensure "that the record explains the cause of adjournments sufficiently for the court to determine which party should properly be charged with any delay" (*Stirrup*, 91 NY2d at 440). Accordingly, if the People announce that they are not ready after they have filed an off-calendar statement of readiness, the People ultimately must explain the reason for their change in readiness status. The People could, but need not, state the reasons on the record at the calendar call. In all events, however, the People must establish a valid reason for their unreadiness in response to a defendant's CPL 30.30 motion. In an appropriate case, the defendant can use those asserted reasons and other relevant circumstances to establish that the People were not in fact ready to proceed when they declared that they were and, thus, the off-calendar statement was illusory and ineffective to stop the speedy trial clock. If the court determines that the off-calendar statement of readiness was illusory, it should calculate any delay chargeable to the People as required by statute as if the illusory statement of readiness was never made.

We decline to adopt a rule requiring the People to establish that exceptional facts or circumstances arose after they filed their off-calendar statement of readiness causing their present unreadiness for trial. Such a rule ignores our holdings placing the ultimate burden on the defendant in the postreadiness context to show that delay should be charged to the People.

In addition, the proposed rule contravenes this Court's definition of an illusory statement of readiness. Indeed, the second element of "ready for trial" is that the People are "ready to proceed *at the time they declare readiness*" (*Chavis*, 91 NY2d at 505 [emphasis added]). It necessarily follows that an illusory statement of readiness is one that was filed "when the People

[were] not actually ready" (*England*, 84 NY2d at 4). Requiring exceptional circumstances to justify a subsequent statement of non-readiness when the People were actually ready at the time they filed their statement of readiness creates a new definition of an illusory statement that finds no support in our cases. Instead, a statement of readiness is presumed valid, and a defendant who challenges such a statement must demonstrate that it is illusory by showing that the People were not actually ready at the time they filed it.

## III

### *People v Young*

■ Defendant failed to demonstrate as a matter of law that the December 18, 2009 off-calendar statement of readiness was illusory. On the January 12, 2010 court date following the statement, the People announced that they were not ready because the assigned prosecutor "just found out [the day before] that there's a NYCHA [h]earing related to the case." This case is therefore distinguishable from *Sibblies* where "the prosecutor gave no explanation for the change in circumstances between the initial statement of readiness and the subsequent admission that the People were not ready to proceed without the medical records" (22 NY3d at 1181 [Graffeo, J., concurring]). Thus, in *Sibblies*, the People failed to explain how they were ready at a time when they did not have the medical records, but subsequently declared that they were unready to proceed without them. Here, however, because the prosecutor did not know of the NYCHA hearing transcript at the time of the December 18 off-calendar statement, defendant has failed to establish that the statement did not accurately reflect the People's position. Consequently, the courts below properly denied defendant's CPL 30.30 motion.

### *People v Canady*

■ After previously announcing ready, the People were not ready on March 2, 2011 because the assigned prosecutor was engaged in a trial. The People requested an adjournment to March 8; the court adjourned the matter to April 19, 2011. The postreadiness delay attributable to the court is not charged to the People and, thus, they should have been charged only six days (Mar. 2 to Mar. 8) for the period from March 2 to April 19, 2011 (*see Goss*, 87 NY2d at 797; *Boumoussa*, 104 AD3d at 863).

Although it was unnecessary to do so in the circumstances presented, the People filed an off-calendar statement of readiness on April 18, 2011. The next day, at the scheduled calendar call, the People said that they were not ready for trial. The court's records state that the People had no file. The off-calendar statement does not affect the outcome of this case because application of the basic rule regarding court delay controls. The procedure followed by the courts below conflicted with the established rule that the People are not chargeable with delay attributable to the court.*

Even accepting that the April 18 statement was illusory, no basis exists to reach back to March 8 and charge the People with those 41 days. Assuming that the statement was illusory, the courts below should have charged the People going forward from the illusory statement as if that statement had never been made. They should not have attributed past court delay to the People.

Accordingly, the Appellate Term erred by charging the People with the 41 days from March 8, 2011 until April 18, 2011. The Appellate Term order should therefore be reversed and the matter remitted to that court for consideration of the issues it did not address.

### People v Brown

■ In *Brown*, the People were not ready for trial on July 9, 2007 and requested an adjournment to July 23, 2007. The court adjourned the case to August 8, 2007. On July 17, the People filed an off-calendar statement of readiness. However, at the August 8 calendar appearance, the People answered not ready for trial. The People failed to state a reason for their unreadiness on August 8 at the calendar call or in response to defendant's CPL 30.30 motion. With respect to the latter, however, defendant first challenged the July 17 off-calendar statement of readiness in reply papers filed after the People had opposed the motion. Thus, a summary disposition of the motion was not warranted, and the record is insufficient to determine whether

---

* Notably, CPL 30.30's exceptional circumstances provisions do not apply. Under the statutory scheme, periods of prosecutorial delay are excludable if the People's unreadiness was caused by exceptional circumstances (*see* CPL 30.30 [3] [b]; [4] [g]). No exceptional circumstances exist here; the People requested an adjournment based on a scheduling conflict. As already explained, however, the People are not chargeable with the period of the postreadiness delay attributable to the court.

the statement of readiness was illusory (*see People v Allard*, 28 NY3d 41, 46 [2016]). The case is therefore remitted to Supreme Court to conduct a hearing on that issue and, if necessary, to determine the excludability of the other disputed time periods that the courts below did not address.

■ Turning to defendant's other assertions, we conclude that he has no constitutional right to an in-court lineup and the trial court did not abuse its discretion by denying his request for one (*see Sims v Sullivan*, 867 F2d 142, 145 [2d Cir 1989]; *People v Benjamin*, 155 AD2d 375, 375 [1st Dept 1989], *lv denied* 75 NY2d 867 [1990]). Following the suggestive pretrial lineup, the court concluded that an independent source existed for the victim's in-court identification of defendant. Although the victim's companion was not the subject of an independent source hearing, he did not participate in any pretrial identification—suggestive or otherwise. Accordingly, because defendant failed to sufficiently cast doubt on the reliability of the witnesses' identification testimony or otherwise demonstrate impermissible suggestiveness by the traditional in-court identification procedure, no abuse is apparent (*see United States v Archibald*, 734 F2d 938, 942-943 [2d Cir 1984], *mod* 756 F2d 223 [2d Cir 1984]).

■ Defendant did not object to the trial court's voir dire procedure and, thus, the issue is unpreserved for this Court's review. His argument that the procedure amounts to a mode of proceedings error reviewable by this Court in the absence of preservation is refuted by *People v Steward* (17 NY3d 104 [2011]). There, in a case directly on point, we stated that it is incumbent on counsel to object to temporal limitations concerning voir dire (*see id.* at 111). Further, the fact that a trial court has discretion concerning the scope of voir dire (*see* CPL 270.15 [1] [c]; *Steward*, 17 NY3d at 110) demonstrates that errors in this context do not "go to the essential validity of the process" thereby excusing preservation (*People v Kelly*, 5 NY3d 116, 119 [2005]).

Finally, defendant argues for the first time on appeal to this Court that the trial court committed a mode of proceedings error by failing to notify counsel of or respond meaningfully to a portion of a jury note. No mode of proceedings error occurred here and, thus, his argument is unpreserved for our review (*see People v Mack*, 27 NY3d 534 [2016]).

Accordingly, in *People v Brown*, the Appellate Division order should be reversed and the case remitted to Supreme Court for

further proceedings in accordance with this opinion. In *People v Young*, the order of the Appellate Term should be affirmed. In *People v Canady*, the order of the Appellate Term should be reversed and the case remitted to that court for consideration of the facts and issues raised but not determined on appeal to that court.

RIVERA, J. (dissenting in *People v Canady*; concurring in part in *People v Brown* and concurring in result in *People v Young*). On a motion to dismiss pursuant to Criminal Procedure Law § 30.30, a defendant bears the initial burden of showing that the People exceeded the speedy trial limits under CPL 30.30 (*People v Santos*, 68 NY2d 859, 861 [1986]). The burden then shifts to the People to establish compliance with the statute (*id.*). As in the cases on appeal, where the People seek to exclude the time between their off-calendar declaration of readiness for trial and a subsequent declaration of unreadiness, they must demonstrate sufficient basis for why their status has changed. I part ways with the majority as to the standard for both judging whether the People's reasons are adequate and determining the time period that should be charged to the People as a consequence of an inadequate justification.

The majority concludes that the period between a statement of readiness and a subsequent statement of unreadiness is only chargeable to the People if their announcement of readiness was illusory at the moment declared, even if the People immediately slipped out of readiness and took no action to maintain ready status, or failed to request additional time to prepare for trial, as allowed by statute. This rule will do little to curtail the well-documented excessive delays in prosecutions with their attendant adverse impact on defendants, victims, and our communities.

The law requires more than an ephemeral declaration of readiness susceptible to being rendered meaningless during the course of a defendant's prosecution. A statement that the People are ready for trial in a specific instance means little unless it also means that the People will exercise due diligence in maintaining their readiness. Therefore, as set forth in the concurring opinion of Chief Judge Jonathan Lippman in *People v Sibblies*, the rule should be: "the People must demonstrate that some exceptional fact or circumstance arose after their declaration of readiness so as to render them presently not ready for trial. The requirement of an exceptional fact or

circumstance should be the same as that contained in CPL 30.30 (3) (b)" (*People v Sibbles*, 22 NY3d 1174, 1178 [2014] [Lippman, Ch. J., concurring, joined by Smith and Rivera, JJ.]).

CPL 30.30, the speedy trial statute, was enacted in 1972 to address the backlog of criminal cases that delayed criminal prosecutions and adversely impacted both individuals and our criminal justice system. Those delays "deprived defendants of their right to a prompt trial, hindered the People's ability to try cases effectively, and undermined public confidence in the criminal justice system" (*Sibblies*, 22 NY3d at 1176 [Lippman, Ch. J., concurring], citing *People v Anderson*, 66 NY2d 529, 535 n 1 [1985]). The statute places a limit on the time the People have to be ready for trial: 30 days for a violation, 60 or 90 days of the commencement of the action for misdemeanors, and six months for felonies (other than class A felonies) (CPL 30.30 [1]). Where the People exceed the time allotted by statute, a defendant may move to dismiss (*id.*).

As the Court has explained, to be ready within the meaning of CPL 30.30, the People must communicate their readiness on the record, in open court or in an off-calendar statement of readiness, at a time when the People are ready for trial (*People v Kendzia*, 64 NY2d 331, 337 [1985]). The prosecution can temporarily stop the speedy trial clock by invoking exclusions in the statute, including, for example, delays caused by defense counsel, defendant's unavailability, or time associated with competency proceedings (CPL 30.30 [4]). What the People may not do is take advantage of such delays "as to ignore their own responsibility of being ready for trial on time" (*Kendzia*, 64 NY2d at 338 [citations omitted]).

As Chief Judge Lippman explained in his *Sibblies* concurrence, when the People declare readiness for trial and then announce at the next court appearance that they are not ready, they should be charged with the time between these two statements, absent an explanation of how this lapse in status is due to "some exceptional fact or circumstance," as contemplated by CPL 30.30 (3) (b) (*Sibblies*, 22 NY3d at 1178 [Lippman, Ch. J., concurring]). That section expressly provides:

> "A motion made . . . upon expiration of the specified period may be denied where the people are not ready for trial if the people were ready for trial prior to the expiration of the specified period and their present unreadiness is due to some excep-

tional fact or circumstance, including, but not limited to, the sudden unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period" (CPL 30.30 [3] [b]).

Application of the standard set forth in CPL 30.30 (3) (b) holds the People accountable for their obligation under the statute, and encourages the People to maintain their prior ready status, furthering the legislative goal "[t]o promote prompt trials for defendants in criminal cases" (*Anderson*, 66 NY2d at 535 n 1).

The rule also addresses the problem of "readiness in the air, without readiness on the ground" (*Sibblies*, 22 NY3d at 1178 [Lippman, Ch. J., concurring]). More pointedly,

"[t]his rule flows from the purpose of the statute. It is intended to expedite, not delay the defendant's ability to seek resolution of a case. Indeed, allowing, without scrutiny, declarations of readiness off-calendar and subsequent declarations of unreadiness at the next appearance creates the possibility that this scenario could be reenacted ad seriatim. But CPL 30.30 is not a mechanism for filibustering trials" (*id.*).

The majority rejects this rule on the ground that the burden is on the defendant to establish the delay is chargeable to the People (majority op at 406-407). I agree that the burden remains with defendant as the movant, but the rule does not absolve the defendant of the ultimate burden; it merely clarifies the standard applicable once the burden shifts to the People to establish why they are not ready after having previously declared readiness for trial.

The majority's other reasons for rejecting the rule are similarly unpersuasive. The majority concludes that the rule contravenes our definition of an illusory statement as measured at the moment the statement is made (majority op at 406-407). This mischaracterizes the import of our case law and its application to the instant appeals. This Court's recognition that "the People must in fact be ready to proceed at the time they declare readiness" (*People v Chavis*, 91 NY2d 500, 505 [1998]) and that the "statute contemplates an indication of present readiness, not a prediction or expectation of future readiness" (*Kendzia*, 64 NY2d at 337), is meant to ensure the declaration

of readiness is not merely aspirational or lacking in good faith. This well-settled rule is not in contention here. The appeals before us are not strictly about whether the People were ready at the time they declared readiness—this Court has already made clear that if they are not ready the time is chargeable.[1] Rather, these appeals, like *Sibblies*, present the questions of whether and to what extent time is chargeable based on the People's declaration of subsequent unreadiness. The answers to those questions lie in the purpose of the statute and its textual mandates, and require that we consider more than whether a prosecutor has made a declaration in good faith.

Nevertheless, the majority construes readiness as meaningful only in the moment, rather than as a means to achieve the legislative ends of reduced delays and prompt criminal trials. Yet, "CPL 30.30 demands prosecutorial readiness, not for its own sake, but to reduce delays in criminal prosecutions" (*Sibblies*, 22 NY3d at 1178 [Lippman, Ch. J., concurring]). Given the history and goals of the speedy trial statute, and the prescriptive language in 30.30 (3) (b), the legislature could not have intended for the People to declare readiness one moment and then announce that they are not ready, without proffering exceptional facts or circumstances for why their status has changed.

The People assert that such a standard would be unfeasible, ineffective, unwarranted, and counterproductive because it fails to take into account certain manifest and unavoidable realities with bringing a case to trial. Presumably the legislature was aware of the potential impact speedy trial limits would have on the prosecution, and enacted CPL 30.30 nonetheless. The legislature concluded that defendants, victims, and society are best served by a criminal justice system that expedites prosecutions and manages delays accordingly (Governor's Program Bill Mem, Bill Jacket, L 1972, ch 184 at 5, 1972 Legis Ann at 6).

In any event, the People's fear is overstated. As long as the prosecutor's reason for lapsing into unreadiness is of the same character as those identified in the statute and the prosecutor used due diligence in attempting to remain ready, the status shift will not count against the People (CPL 30.30 [3] [b]). To

---

1. This is the same reason that I do not adopt Judge Graffeo's approach as set forth in her *Sibblies* concurrence, which focuses on readiness at the time of declaration (*Sibblies*, 22 NY3d at 1181 [Graffeo, J., concurring]).

be clear, the norm should be that the prosecution maintains readiness, but the statute contemplates times when the exigencies of a particular case may result in the People's unreadiness for trial at the next court date, and in those situations the court may exclude these periods.

Moreover, the legislature has provided a statutory mechanism by which the People can seek to extend their time. The statute contemplates the exclusion of

> "periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people's case and additional time is justified by the exceptional circumstances of the case" (CPL 30.30 [4] [g]).

The People cannot "ignore their own responsibility of being ready for trial on time" (*Kendzia,* 64 NY2d at 338) when they have at the ready a way to "extend" the speedy trial clock.

The importance of the issue before us cannot be minimized. A rule that discourages delays is as necessary and urgent today as when the legislature enacted CPL 30.30 over four decades ago. Criminal prosecutions continue to exceed the statutory time limits in an alarming number of cases. In New York City in 2014, for example, defendants charged with misdemeanors waited an average of 479 days for disposition after bench trials and 571 days after jury trials, with considerably longer delays in Bronx County (Criminal Court of the City of New York, 2014 Annual Report at 52). Defendants who are unable to make bail or ineligible for release remain incarcerated during these long delays, during which they face continual disruption of their lives, including removal from work and school.[2] The system as

---

2. Of course some defendants may believe that delays are beneficial because memories fade, witnesses leave town, and the prosecution becomes more distantiated from the criminal act. However, as the statute's history

it has evolved also prolongs the victims' and the community's pursuit of much needed closure.[3] Therefore, I reaffirm my adoption of the rule as described in Chief Judge Lippman's concurrence in *Sibblies*.

Turning to the facts of the cases on appeal, I agree with the result reached by the majority in *People v Young*, because the People established that they did not know about the New York City Housing Authority hearing at the time they declared readiness, and that information provided the type of "exceptional fact" that explained their statement of unreadiness. I also agree with the majority that a hearing is warranted in *People v Brown* given the state of the record below. However, in *People v Canady* I would affirm the Appellate Term because the People failed to provide any reason for their statement of unreadiness and thus the court did not err in charging them with 41 days. To exclude these days, as the majority does here, would allow the People to limit the number of chargeable days simply by filing a readiness statement one day before their declaration of unreadiness. That result turns the statute on its head.

In *People v Brown*: Order reversed and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.

Opinion by Judge PIGOTT. Chief Judge DIFIORE and Judges ABDUS-SALAAM, STEIN, FAHEY and GARCIA concur. Judge RIVERA concurs in part in a separate concurring opinion.

In *People v Young*: Order affirmed.

Opinion by Judge PIGOTT. Chief Judge DIFIORE and Judges ABDUS-SALAAM, STEIN, FAHEY and GARCIA concur. Judge RIVERA concurs in result in a separate concurring opinion.

In *People v Canady*: Order reversed and case remitted to the Appellate Term, Second Judicial Department, Second, Eleventh and Thirteenth Judicial Districts, for consideration of the facts and issues raised but not determined on appeal to that court.

---

makes clear, the legislative concern is not limited to the impact of these delays on defendants.

 **3.** *See* Stephanie Clifford, *For Victims, an Overloaded Court System Brings Pain and Delays*, NY Times, Jan. 31, 2016, http://www.nytimes.com/2016/02/01/nyregion/for-victims-an-overloaded-court-system-brings-pain-and-delays.html, cached at http://www.nycourts.gov/reporter/webdocs/for-victims-an-overl.pdf.

Opinion by Judge PIGOTT. Chief Judge DIFIORE and Judges ABDUS-SALAAM, STEIN, FAHEY and GARCIA concur. Judge RIVERA dissents and votes to affirm in an opinion.