The People of the State of New York, Respondent, 
against
Joseph Murphy, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (William McGuire, J. at speedy trial motion; Julio Rodriguez, III, J. at suppression hearing, trial and sentencing), rendered May 4, 2015, convicting him, after a nonjury trial, of attempted assault in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (William McGuire, J. at speedy trial motion; Julio Rodriguez, III, J. at suppression hearing, trial and sentencing), rendered May 4, 2015, affirmed.
Defendant's speedy trial motion was properly denied. Defendant failed to overcome the presumption that the People's March 7, 2014 and April 17, 2014 off-calendar statements of readiness were truthful and accurate (see People v Brown, 28 NY3d 392, 405 [2016]; People v Sibblies, 22 NY3d 1174, 1180 [2014]). The People set forth valid reasons for their change in status at the next court appearance following each notice of readiness, and defendant failed to show that the People were not in fact ready to proceed when they declared that they were (see People v Brown, 28 NY3d at 405).
Since defense counsel expressly consented to the consolidation of the Wade hearing and the nonjury trial, defendant's present claim that this procedure violated his rights to due process and a fair trial is unpreserved (see People v Wray, 225 AD2d 718, 719 [1996], appeal dismissed 88 NY2d 1025 [1996]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Although the consolidated suppression hearing and nonjury was contrary to CPL 710.40(3), reversal is unwarranted because defendant was not prejudiced as a result of the procedure (see People v James, 146 AD3d 574 [2017], lv denied 29 NY3d 949 [2017]; People v Gonzalez, 214 AD2d 451 [1995], lv denied 86 NY2d 794 [1995]).
We likewise find unavailing defendant's related claim that he was denied the effective assistance of counsel when counsel failed to make a written speedy trial motion and, instead, orally joined his codefendant's motion, and when counsel consented to the combined Wade hearing and trial. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004]; see People v Ennis, 11 NY3d 403, 415 [2008], cert denied 556 [*2]US 1240 [2009]), or "of obtaining any benefit for defendant" (People v Mejia, 122 AD3d 495, 495 [2014]). 
Defendant's other ineffective assistance claims are without merit. Based on the record before us, we conclude that counsel provided meaningful representation.
Defendant's remaining contentions are either moot, unpreserved for appellate review or without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 04, 2017