People v Stiebritz (2021 NY Slip Op 01273)





People v Stiebritz


2021 NY Slip Op 01273


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2016-11864
2019-08469
 (Ind. No. 141/15)

[*1]The People of the State of New York, respondent,
v
John Stiebritz, appellant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered October 7, 2016, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court dated May 8, 2019, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction.
ORDERED that the judgment and the order are affirmed.
The defendant pleaded guilty to course of sexual conduct against a child in the first degree and sentence was imposed. The defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment of conviction, asserting, inter alia, that he received ineffective assistance of counsel because his counsel failed to move to dismiss the indictment based upon violation of his statutory speedy trial rights (see CPL 30.30). By order dated May 8, 2019, the County Court denied the motion without a hearing. This Court granted the defendant leave to appeal from that order.
Contrary to the defendant's only contention on appeal, he did not receive ineffective assistance of counsel due to trial counsel's failure to move to dismiss the indictment. Where a defendant is charged with a felony, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the criminal action (see CPL 30.30[1][a]; People v Cortes, 80 NY2d 201, 208). Here, in opposition to the defendant's CPL 440.10 motion, the People demonstrated that the total time chargeable to them did not exceed the statutory time period (see People v Whelan, 173 AD3d 778, 780). Further, the defendant failed to meet his burden of demonstrating that the People's filed statement of readiness was illusory (see People v Brown, 28 NY3d 392, 405-407; People v Whelan, 173 AD3d at 780; People v Cox, 161 AD3d 1100, 1101). Thus, the defendant's statutory right to a speedy trial was not violated (see People v Clinkscales, 171 AD3d 1086, 1087), and the defendant therefore was not deprived of the effective assistance of counsel based upon counsel's failure to assert such a violation by motion to dismiss the indictment (see People v Stultz, 2 NY3d 277, 287).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court