People v Miguel (2025 NY Slip Op 51930(U))

[*1]

People v Miguel

2025 NY Slip Op 51930(U)

Decided on December 9, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 9, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, , Plaintiff,

against
Xivir Miguel, Defendant.

CR-029988-24NY

Alvin L. Bragg, Jr., District Attorney, New York County (Alexander Bruno of counsel), for plaintiff. 
Twyla Carter, The Legal Aid Society, New York City (Che Raskin of counsel), for defendant. 

Ilona B. Coleman, J.

The defense moves the court to dismiss this case pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e). The parties agree that 78 days are chargeable to the People and only disagree regarding the time calculation for one adjournment: October 1, 2025 to October 27, 2025. Regarding this time period, the defense argues that the People's purported certificate of readiness [FN1]
filed on October 1, 2025 was illusory because of alleged discovery violations. The People oppose, arguing that they had previously filed a valid certificate of compliance and fully complied with a subsequent discovery order. 
Because the defense has not met their burden to demonstrate that the October 1, 2025 certificate of readiness was illusory (People v Brown, 28 NY3d 392, 405 [2016]), only 78 days are chargeable to the People, and the motion to dismiss is denied. 
I. Relevant Facts
The defendant was arraigned in this case on November 27, 2024, and the case was adjourned to January 9, 2025. On December 19, 2024, the People filed a certificate of compliance ("COC") and a certificate of readiness ("COR"). Thereafter on January 8, 2025, defense counsel notified the People of alleged discovery violations. On February 25, 2025, the People produced additional discovery and filed a supplemental COC ("SCOC") and COR on that date. On April 22, 2025, defense counsel filed a motion challenging the People's December 19, 2024 COC and COR. On April 24, 2025, the People served additional discovery and on April 25, 2025 filed a second SCOC and COR.
On October 1, 2025, another judge of this court issued a decision on the COC challenge. In that decision, the court explicitly invalidated the People's December COC, reasoning that their unexplained failure to produce photographs of the complainant's injuries was inconsistent with due diligence. The court also invalidated the February SCOC. The decision did not explicitly address the validity of the April SCOC, which was filed after the defendant's COC challenge, nor did it rule on any additional outstanding discovery disputes. Rather, the court directed the People "to confirm the existence of all outstanding discovery, and if so, to turn the discovery materials over to defense to comply with the discovery requirements of CPL § 245.20 (1) and file another supplemental COC" (Decision and Order, October 1, 2025, p. 7-8 [Tatham, J.]). This order did not set a deadline for the People's compliance, nor did it require any action from the People if they determined that there was no outstanding discovery.After issuing its decision, the court adjourned the case to October 27, 2025 for trial. 
A few hours after the court appearance on October 1, 2025, the People filed another COR. The People did not provide any additional discovery or file an additional SCOC. 
On October 27, 2025, defense counsel filed a motion to dismiss before this court. In a colloquy with this court, defense counsel indicated that the motion was based on CPL § 30.30 and was not a motion to renew or reargue the October 1, 2025 decision. Based on this colloquy, this court understood that the motion was not a challenge to any discovery production or COC or SCOC filed in the case. The court set a motion schedule, and this decision follows.
II. CPL § 30.30
In this case, in which the defendant is charged with an A misdemeanor and no felonies, the People are required to announce their readiness for trial within ninety days of the commencement of the criminal action (CPL 30.30 [1] [b]). The prior court charged the People with 78 days of speedy trial time from the commencement of the criminal action through October 1, 2025, and neither party disputes that calculation. The only question before this court is whether the adjournment from October 1, 2025 to October 27, 2025, is chargeable to the People. The defense argues that the adjournment is chargeable because the October COR was illusory. Specifically, the defense argues that the COR was illusory because (1) the April COC was invalid; (2) the People's ongoing discovery violations undermined their trial readiness; and (3) the People had not yet complied with the court's October 1, 2025 discovery order. 
When challenging a COR, the defense has the burden "[to] demonstrate that [the COR] is illusory by showing that the People were not actually ready at the time they filed it" (People v Brown, 28 NY3d 392, 407 [2016]). Here, the objections to the October 1, 2025 COR lack merit, and thus the defense has failed to meet their burden.
1. The April 25, 2025 SCOC
First, the defense argues that the People could not answer ready for trial on October 1, 2025, because they never filed a valid COC (see defense aff, p. 7 ["104 days have passed without the People filing a valid COC"]; aff in reply, p. 10 ["The People have yet to file a valid COC and thus have failed to properly state ready for trial."]). It is true that the prior court invalidated the People's first two COCs, filed December 19, 2024 and February 25, 2025. However, the defendant's motion does not explain why the People's third COC — filed April 25, 2025, and which the defense has not previously challenged — is not valid. Of note, in their motion, the defense suggests that the October 1, 2025 decision invalidated the April SCOC, but then also argues that this court should invalidate the April SCOC. The former is factually incorrect, and the latter is procedurally barred.
The prior court did not invalidate the People's April 25, 2025 SCOC. The defense asserts repeatedly that the court invalidated "the People's Certificates of Compliance," suggesting that the court invalidated every COC filed in this case (defense aff, pp. 5-6 [emphasis added]). The October 1, 2025 decision, however, does not explicitly address the April SCOC. Ultimately, the defense acknowledges this in their reply brief, writing in a footnote that "[t]he court did not address the validity of the prosecution's second SCOC" (defense aff, fn. 1). Further, a close reading of the decision makes clear that the court was not invalidating the April SCOC. The court ordered the People to "file another supplemental COC" only "if" they discovered and disclosed any additional material (Decision and Order, October 1, 2025, p. 8 [emphasis added]). If the court had invalidated the April SCOC, the People would have been required to file a new COC regardless of whether they produced any additional material. The order's conditional language confirms that the court did not invalidate the April SCOC. The reasoning of the decision also supports the conclusion that the April SCOC was not invalidated. The court's finding that the People had not exercised due diligence — and thus that their initial COC was invalid — was based on the People's failure to produce photographs of the complainant's injuries. The People produced those photographs well before April 25, 2025, so that discovery violation has no bearing on the validity of the April SCOC. Thus, the court's analysis of the December COC does not require or even support a finding that the April SCOC is invalid.
Moreover, this court will not entertain an invitation to invalidate the April SCOC. The defense has not explicitly requested this relief, and in fact at the time of filing this motion indicated that they were not challenging the certificates of compliance filed in this case. Yet, in the reply affirmation filed on November 17, 2025, the defense implicitly challenges the April SCOC: the defense argues that the People committed discovery violations and failed to demonstrate due diligence, and that the court should analyze the April SCOC under the due diligence standard as articulated in People v Bay, 41 NY3d 200 (2023), rather than under CPL § 245.50 (5). Even if this court were inclined to construe the CPL § 30.30 motion as a COC challenge, such motion would be procedurally barred. The defense did not file the motion within 35 days of the effective day of the statute (CPL 245.50 [4] [c]), and they have not provided any justification for filing outside the 35-day window (CPL 245.50 [4] [c] [ii]). Additionally, the defense did not include an affirmation establishing that they timely conferred with the prosecution (CPL 245.50 [4] [c]). 
Because the defense has never formally challenged the April SCOC, this court must assume its validity for the purposes of this CPL § 30.30 motion (see CPL 245.50 [4] [a]). The court therefore finds that the April SCOC satisfied the requirements of CPL § 245.50 (3) ("the prosecution shall not be deemed ready for trial . . . until it has filed a valid [COC]"). 
2. Alleged Ongoing Discovery Violations
The defense also argues that the People could not validly state ready on October 1, 2025, regardless of their prior readiness, because they had not rectified various discovery violations. This argument is not supported under CPL § 30.30 or article 245. 
After the People have filed a valid COC, violations of their discovery obligations do not, without more, implicate their trial readiness (People v Radford, 237 AD3d 1511, 1513 [4th Dept 2025], lv denied, 43 NY3d 1048 [2025]). In Radford, the Appellate Division held that the People's "failure . . . to comply with their continuing discovery obligations under CPL 245.60 . . . does not . . . implicate speedy trial considerations under CPL 30.30" (id.). Rather, the People's readiness "is directly tied, and only directly tied, to the People's failure to comply with their [*2]initial discovery obligations" (id. [internal modifications omitted]). Thus, to challenge the People's readiness for trial on the basis of a violation of CPL § 245.20, a defendant must challenge the People's COC. This requirement is made explicit in CPL § 30.30 (5) (a): "[t]he court may deem the people not ready for trial based on the people's failure to comply with the provisions of [Article 245] only if it finds that the people's [COC] . . . was invalid" (emphasis added). In other words, the court may not find the People's COR illusory on the basis of a discovery violation where the defense has not filed a COC challenge.
Here, the April SCOC is unchallenged and thus presumptively valid. After a valid COC has been filed, ongoing discovery violations of the sort the defendant alleges here do not automatically undermine the People's readiness (Radford, 237 AD3d at 1513). Thus, even assuming the defense is correct about every alleged discovery violation in this case, the court cannot conclude that the October COR was illusory on that basis.
3. Failure to Comply with a Court Order
Finally, the defense argues that the October COR was invalid because the People had not complied with the court's discovery order, which had been issued earlier that day. The order directed the People "to confirm the existence of all outstanding discovery, and if so, to turn the discovery materials over to defense . . . and file another supplemental COC" (Decision and Order, October 1, 2025, p. 7-8]). The People filed a COR later that day, without producing any additional discovery or filing a new SCOC. The defense argues that the People did not comply with the court's discovery order, first because they could not have done so within a few hours, and second, because they did not produce additional discovery. These claims, however, do not establish a violation of the prior court's order. Even if they did, the defense has not established that retroactively invalidating the October COR would be an appropriate remedy. 
To determine whether the People violated the prior court's discovery order, this court must first analyze the order itself. The order followed the presumptively valid April SCOC and did not purport to return the People to a state of unreadiness. The People had affirmed that they had exercised due diligence in satisfying their discovery obligations, and the defense had not challenged that affirmation. This was not a remedial order — after all, the only violation the court found had been remedied months earlier — but a supplemental discovery procedure to encourage resolution of outstanding discovery disputes and avoid additional litigation (see CPL 245.35). Accordingly, the language of the order reflects an assumption that the People had already exercised due diligence in satisfying their initial obligations under CPL § 245.20 (1) and (2). It does not direct the People to "investigate" or "obtain" potentially discoverable materials, but merely to "confirm the existence" of "outstanding discovery" (see Decision and Order, October 1, 2025, p. 7-8) The order only required the People to confirm whether the documents at issue in the COC motion existed and were in their actual or constructive possession (id.; see also CPL 245.20 [1]). The order did not impose any additional obligation on the People with respect to potentially discoverable material outside of their possession (id.; see also CPL 245.20 [2]). 
The defense has not provided this court with any reason to believe that the People violated this order. The fact that the People satisfied the order quickly is not proof that they did not fully comply. Nor has the defense shown any reason to doubt the People's representations that the relevant materials either do not exist or are not in their possession. A few of the documents at issue are seldom created, and subpoenas for medical records often take several months to bear fruit. In fact, the defense has not suggested that the medical records are in the [*3]People's possession, arguing instead that the People have made insufficient efforts to obtain them. That argument, however, is irrelevant to the People's compliance with the October order. The court therefore accepts the People's uncontroverted factual representations and concludes that the People complied with the October order.
Regardless of the People's compliance, the defense's position that a violation of the discovery order would automatically invalidate the October COR is incorrect. The defense does not argue that the People willfully evaded the court's mandate, but rather that they misinterpreted the scope of its order. Even if that were true, the defense's assumption that even a good faith error automatically vitiates the People's readiness is not legally supported. The remedy for a violation of a supplemental discovery order is found in CPL § 245.80 (see CPL 245.80 [2] [sanctions may be imposed "[f]or failure to comply with any discovery order imposed or issued pursuant to [Article 245]"]). There may be cases in which retroactively striking an otherwise valid statement of readiness is authorized under CPL § 245.80 (but see Radford, 237 AD3d at 1513), but such a drastic remedy would not be appropriate where, as here, the People acted reasonably in response to a good faith interpretation of a discovery order. The statute requires that the remedy be proportionate to the prejudice suffered (CPL 245.80 [1], [2]), and retroactively striking the COR would be disproportionate to the limited alleged prejudice. 
4. CPL § 30.30 Calculation
The parties agree that 78 days are chargeable from the time of the defendant's arraignment through the decision on the COC challenge. The only question is whether the adjournment from October 1, 2025 to October 27, 2025 is chargeable. 
On October 1, 2025, the court issued a decision on the COC challenge and then adjourned for trial. The People had previously announced their readiness for trial, and they restated readiness on that date. For the reasons outlined above, the court finds that the October 1, 2025 COR was valid (see People v Brown, 28 NY3d 392, 405 [2016] [defense has the burden to prove that a statement of readiness is illusory]). Moreover, the defense has not alleged facts that would otherwise suggest that the adjournment "occurred under circumstances that should be charged to the People" (id.; see also People v Cortes, 80 NY2d 201, 208 [1992]). As such, the adjournment from October 1, 2025 to October 27, 2025 is excludable. 
Additionally, the time from October 27, 2025 through the next court date of December 10, 2025 is excludable under CPL § 30.30 (4) (a).
The People are charged with a total of 78 days of speedy trial time, and the motion to dismiss is therefore denied. This constitutes the decision and order of this court.
Dated: December 9, 2025
New York, NY
Ilona B. Coleman, J.C.C.

Footnotes

Footnote 1:This document is titled "Restatement of Readiness." There is no difference in the law between a restatement of readiness and a certificate of readiness. Given that this document is typically referred to as a certificate of readiness, this court will refer to it as a certificate of readiness or COR throughout this decision.