People v Garcia (2026 NY Slip Op 50367(U))

[*1]

People v Garcia

2026 NY Slip Op 50367(U) [88 Misc 3d 1237(A)]

Decided on March 18, 2026

Criminal Court Of The City Of New York, Bronx County 

Mikhaleva, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2026
Criminal Court of the City of New York, Bronx County 

The People of the
State of New York,

againstMaria Garcia, Defendant.

Docket No. CR-023539-25BX

Defendant by Dominique Perez, The Legal Aid Society, 260 East 161 Street, Bronx
NY 10451, [email protected].The People by A.D.A. Rachel Ehrlich, Bronx
County District Attorney's Office, 265 East 161 Street, Bronx NY 10451,
[email protected].

Anna Mikhaleva, J.

The issue presented on this motion is whether the good faith but unsuccessful electronic
service of discovery materials, which was promptly cured once brought to the Prosecutor's
attention, invalidates an otherwise timely-filed Certificate of Compliance ("COC"). Because the
Court finds that the failure to electronically transmit all discovery materials was inadvertent and
not reflective of the People's overall due diligence, Defendant's motion to invalidate the COC on
this basis and to dismiss the instant action pursuant to CPL §§ 170.30 (1)(e) and 30.30
is denied.FACTUAL & PROCEDURAL
BACKGROUNDDefendant is charged with VTL §§ 1192 (3)
and (1) in connection with an alleged DWI that took place on August 28, 2025, at approximately
11:30 P.M. at the southwest corner of Bruckner Boulevard and Hutchinson River Parkway.
Defendant was arraigned on August 29, 2025, at which time the complaint was deemed an
information, and released on her own recognizance. On November 13, 2025, 76 days following
arraignment, the People filed and served the COC, Statement of Readiness ("SOR") and
Automatic Disclosure Form ("ADF"), together with an electronically shared One Drive link,
which they believed contained all the discovery materials relevant to this action (Ehrlich Affirm.
at 10, Exs. A, B). 
On December 2, 2025, the parties appeared in court, at which time the People indicated that
they filed and served the aforementioned documents and the matter was adjourned to December
17, 2025, for a COC conference. No objections to the receipt of any discovery were raised at that
time.
Shortly before the COC conference, by email dated December 15, 2025, at 2:47 P.M.,
Defense Counsel notified the People that she was not in receipt of the full One Drive link sharing
discovery and only had the body worn camera folder (Perez Affirm. at 5; Ehrlich Affirm. at 3, 10,
Ex. C). In response, the People immediately re-shared the full One Drive link with Defense at
3:04 P.M. that same day — i.e., 17 minutes after it was first brought to their
attention (Ehrlich [*2]Affirm. at 3, 10, Ex. C).
On the next court date, court notes indicate that a good cause extension to file discovery
objections and/or a COC motion was granted to January 26, 2026, because Defense Counsel did
not receive all the aforementioned discovery when the original One Drive folder was shared.
Defense Counsel filed the instant motion on January 26, 2026, arguing that the COC should
be invalidated on two grounds: (1) because the People belatedly shared the discovery materials;
and (2) because an activity log for Police Officer Prodan was shared only for August 29, 2025,
but not for August 28th.

DISCUSSION
In a misdemeanor case, the People must be ready for trial within ninety days of the time a
criminal court action is commenced, less any excludable time (CPL § 30.30 [l] [b]); People v Brown, 28 NY3d
392,403 [2016]). To that end, the People must "make a diligent, good faith effort to ascertain
the existence of" any discoverable material and to "cause such material or information to be made
available for discovery" (CPL § 245.20 [2]). The filing of a valid COC, along with a
statement of readiness, will toll the statutory speedy trial period (see CPL § 30.30
[5]).
When a motion challenging the validity of a COC is filed, the court must determine whether
the People exercised due diligence or if the COC was invalid. The burden is on the People to
establish that they made reasonable inquiries to ascertain the existence of, and to obtain any,
material and information subject to discovery, and that they have disclosed and made available
all such known material and information (CPL § 245.50 [1]; People v Bay, 41 NY3d 200, 211
[2023]; see also CPL § 245.20 [2]). 
In assessing due diligence, the recently amended Article 245 requires that the court "look at
the totality of the party's efforts to comply . . . rather than assess the party's efforts item by item,"
and instructs that, "no one factor shall be determinative" (CPL § 245.50 [5]). Specifically,
the relevant factors for assessing a prosecutor's due diligence include:
"the efforts made by the prosecutor to comply with the requirements of [CPL
§ 245.50]; the volume of discovery provided and the volume of discovery outstanding; the
complexity of the case; whether the prosecutor knew that the belatedly disclosed or allegedly
missing material existed; the explanation for any alleged discovery lapse; the prosecutor's
response when apprised of any allegedly missing discovery; whether the belated discovery was
substantively duplicative, insignificant, or easily remedied; whether the omission was corrected;
whether the prosecution self-reported the error and took prompt remedial action without court
intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the
defense or otherwise impeded the defense's ability to effectively investigate the case or prepare
for trial" (CPL § 245.50 [5] [a]).As set forth in the discovery statute,
"[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a
certificate of compliance in good faith and reasonable under the circumstances" (CPL §
245.50 [1]; Bay, 41 NY3d at 207). Furthermore, "[n]otwithstanding any other section of
law to the contrary, a court shall not invalidate a certificate of compliance where the party as
exercised due diligence and acted in good faith in making reasonable inquiries and efforts to
obtain and provide the material required to be disclosed pursuant to section 245.20" (CPL §
245.50 [6]). 
To facilitate discovery compliance, the recently amended CPL § 245.50 requires that
any challenge to a COC "shall be accompanied" by an affirmation of counsel attesting that
counsel "timely conferred in good faith or timely made good faith efforts to confer with the
opposing party regarding the specific and particularized matters forming the basis for [any]
challenge, that efforts to obtain the missing discovery from the opposing party or otherwise
resolve the issues raised were unsuccessful, and that no accommodation could be reached" (CPL
§ 245.50 [4] [c]).
Here, the People made "a diligent, good faith effort to ascertain the existence of" any
discoverable material and to "cause such material or information to be made available for
discovery" (CPL § 245.20 [2]). With the exception of the activity log discussed below,
Defense Counsel does not actually raise an issue with the discovery material that was collected in
this case. The only issue raised is that this material was not fully transmitted to Defense Counsel
when the People shared the One Drive link when filing their COC, ADF, and SOR. Inasmuch as
the People did not realize their error, Defense Counsel was also apparently unaware of this issue
for some 32 days, including during a court appearance when a record was made that the
documents were shared and no issue was raised. When Defense Counsel finally raised the issue,
the People re-transmitted the full One Drive folder within a mere 17 minutes. This is sufficient to
demonstrate the People's good faith and due diligence. No prejudice from the delay is
alleged.
Turning to the August 28, 2025, activity log for Police Officer Prodan, this is simply not
relevant discovery in this case. The People turned over Officer Prodan's activity log from August
29, 2025. Defendant's initial contact with police occurred at 11:30 P.M. on August 28, 2025, and
her arrest took place after midnight on August 29, 2025. Both the initial car stop and arrest were
conducted solely by Police Officer Itin. Police Officer Prodan's tour did not begin until 5 A.M.
on August 29, 2025, and he assisted with transport of Defendant at around 7 A.M. on
that date. His activity log from the day prior is wholly irrelevant to the case at hand, as
the Prosecutor explained to Defense Counsel during the parties' conferral concerning discovery
issues (Ehrlich Affirm. at 12-13). Defense Counsel does not now demonstrate otherwise.
Inasmuch as CPL § 245.50 (4)(c) contemplates that the parties make "good faith efforts
to confer" about any discovery issues and file a COC motion only where "no accommodation
could be reached," the Court finds that the instant motion fails to meet that standard. Defense
Counsel correctly alerted the People to the issue with their electronic service of discovery
materials within the statutorily prescribed 35-day period. The People promptly responded by
re-sending the One Drive link within minutes — i.e., they provided "an
accommodation" by quickly correcting the issue. That should have been the end of the matter.
Dismissal of the entire case because of a quickly rectified technical glitch is neither an
appropriate remedy nor a proportional sanction. 
Accordingly, the COC is deemed valid, 76 days are deemed chargeable, and Defendant's
motion is denied in its entirety. This matter is directed to be placed on the TP2 calendar for trial
at the earliest available date.
Dated: March 18, 2026_____________________________Hon. Anna
Mikhaleva